## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| Vernitta Geter, Leanne Amos,<br>Magalie Latortue, Monique Bland,<br>Keyaira Bostic, and Shalaha Hardeman,<br>Individually and on behalf of all other<br>similarly situated current<br>and former employees, | )<br>)<br>)<br>)<br>)<br>)<br>) | |
| Plaintiffs, | )<br>) | Civil Action File No.: |
| v. | )<br>) | JURY TRIAL DEMANDED |
| Galardi South Enterprises, Inc.;<br>Galardi South Enterprises Consulting, Inc.;<br>Fly Low, Inc. d/b/a King of Diamonds;<br>John Steve Ennis; Teri Galardi;<br>Rick Taylor; Dennis Williams;<br>Akinyele Adams; and Terry Elliot; | )<br>)<br>)<br>)<br>)<br>) | **COLLECTIVE ACTION** |
| Defendants. | )<br>)<br>) | |
| _____ | ) | |

PLAINTIFFS Vernitta Geter, Leanne Amos, Magalie Latortue, Monique Bland, Keyaira Bostic, and Shalaha Hardeman, individually and on behalf of all similarly situated current and former employees, by and through their undersigned counsel, bring forth this action for damages and other legal and equitable relief against Defendants Galardi South Enterprises, Inc.; Galardi South Enterprises Consulting, Inc.; Fly Low, Inc. d/b/a King of Diamonds; John Steve Ennis; Teri Galardi; Dennis Williams; Rick Taylor; Akinyele Adams; and Terry Elliot ("Defendants") for Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* "FLSA").  Plaintiffs bring forth the following claims against the Defendants:

## INTRODUCTION

1.

PLAINTIFFS Vernitta Geter, Leanne Amos, Magalie Latortue, Monique Bland, Keyaira Bostic, and Shalaha Hardeman bring this collective action on behalf of adult entertainers employed and formerly employed by Defendants Galardi South Enterprises, Inc.; Galardi South Enterprises Consulting, Inc.; Fly Low, Inc. d/b/a King of Diamonds; John Steve Ennis; Teri Galardi; Dennis Williams; Rick Taylor; Akinyele Adams; Terry Elliot to recover unpaid wages, unpaid overtime wages, house fees, and for remedies for violations of the Fair Labor Standards Act, including liquidated damages, attorney's fees, interest and court costs.

2.

Defendants have and continue to mischaracterize adult entertainers at King of Diamonds as independent contractors and require that each performer pay for the privilege of working at King of Diamonds.  The adult entertainers are paid no wages, receive no overtime pay and are required to remain at the club during hours in which it is impossible for them to earn gratuities as the club is closed for business.  These requirements are direct violations of the FLSA.

## JURISDICTION AND VENUE

3.

This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1332 because this action involves a federal question, specifically 29 U.S .C. § 216(b).

4.

Venue in the Southern District of Florida is proper pursuant to 28 U.S.C. § 1391 because Defendants are subject to personal jurisdiction in the Southern District of Florida.

5.

Venue is also proper in the Southern District of Florida, Miami division, because a substantial portion of the events at issue in this lawsuit took place in the Southern District of Florida, Miami division.

## PARTIES

6.

Plaintiff Vernitta Geter is a United States citizen and a resident of Florida. Ms. Geter was employed as an adult entertainer at King of Diamonds at various times in the three years preceding the commencement of this action. While employed by the Defendants, Ms. Geter worked a minimum of thirty (30) hours per week and oftentimes in excess of forty (40) hours per week for which she was never compensated by the Defendants. Moreover, Ms. Geter was required to share tips with non-tipped employees in violation of the FLSA. Ms. Geter's consent to join is attached as Exhibit "A."

7.

Plaintiff Leanne Amosis a United States citizen and a resident of Atlanta, Georgia. Ms. Amos was employed as an adult entertainer at King of Diamonds at various times in the three years preceding the commencement of this action.While employed by the Defendants, Ms. Amos worked a minimum of 30 hours per week and oftentimes in excess of 40 hours per week for which she was never compensated by the Defendants. Moreover, Ms. Amos was required to share tips with non-tipped employees in violation of the FLSA. Ms. Amos' consent to join is attached as Exhibit "B."

8.

Magalie Latortue is a United States citizen and a resident of Florida. Ms. Latortue was employed as an adult entertainer at King of Diamonds at various times in the three years preceding the commencement of this action. While employed by the Defendants, Ms. Latortue worked a minimum of 30 hours per week and oftentimes in excess of 40 hours per week for which she was never compensated by the Defendants.  Moreover, Ms. Latortue was required to share tips with non-tipped employees in violation of the FLSA.  Ms. Latortue's consent to join is attached as Exhibit "C."

9.

Plaintiff Monique Bland is a United States citizen and a resident of Virginia. Ms. Bland was employed as an adult entertainer at King of Diamonds at various times in the three years preceding the commencement of this action. While employed by the Defendants, Ms. Geter worked a minimum of 30 hours per week and oftentimes in excess of 40 hours per week for which she was never compensated by the Defendants.  Moreover, Ms. Bland was required to share tips with non-tipped employees in violation of the FLSA.  Ms. Bland's consent to join is attached as Exhibit "D."

10.

Plaintiff Keyaira Bostic is a United States citizen and a resident of Florida. Ms. Bostic was employed as an adult entertainer at King of Diamonds at various times in the three years preceding the commencement of this action. While employed by the Defendants, Ms. Bostic worked a minimum of 30 hours per week and oftentimes in excess of 40 hours per week for which she was never compensated by the Defendants.  Moreover, Ms. Bostic was required to

share tips with non-tipped employees in violation of the FLSA.  Ms. Bostic's consent to join is attached as Exhibit "E."

11.

Plaintiff Shalaha Hardeman is a United States citizen and a resident of Atlanta, Georgia. Ms. Hardeman was employed as an adult entertainer at King of Diamonds at various times in the three years preceding the commencement of this action. While employed by the Defendants, Ms. Hardeman worked a minimum of 30 hours per week and sometimes in excess of 40 hours per week for which she was never compensated by the Defendants.  Moreover, Ms. Hardeman was required to share tips with non-tipped employees in violation of the FLSA. Ms. Hardeman's consent to join is attached as Exhibit "F."

12.

Plaintiffs are informed and believe that Galardi South Enterprises, Inc. is a Georgia corporation that owns and operates multiple adult-themed nightclubs and lounges throughout the United States with its principal headquarters located at 1730 Northeast Expressway, Suite 200, Atlanta, Georgia 30329. The registered agent for Galardi South Enterprises, Inc. is Dennis Williams, Esq., 1730 N. E. Expressway, Suite 200 Atlanta, Georgia 30329.

13.

Plaintiffs are informed and believe that Galardi South Enterprises Consulting, Inc. is a Georgia corporation that owns and operates multiple adult-themed nightclubs and lounges throughout the United States with its principal headquarters located at 2555 Chantilly Dr. Atlanta, Georgia 30324. The registered agent for Galardi South Enterprises Consulting, Inc. is Dennis Williams, Esq., 2555 Chantilly Dr. Atlanta, Georgia 30324.

14.

Plaintiffs are informed and believe that Fly Low, Inc. is a Florida corporation that owns and operates King of Diamonds, with its principal place of business located at 17800 NE 5th Avenue, Miami, Florida 33162. It is believed to be a corporate subsidiary of Galardi South Enterprises, Inc. and/or Galardi South Enterprises Consulting, Inc.  The registered agent for Fly Low, Inc. is Patricia Burnside, 2455 Hollywood Boulevard, Suite 311, Hollywood, Florida, 33020.

15.

John Steve Ennis is, upon information and belief, a United States citizen and resides in Miami, Florida.  Mr. Ennis is a vice president of Fly Low, Inc. d/b/a King of Diamonds and is believed to be integrally involved in the day to day operations of King of Diamonds.

16.

Dennis Williams is, upon information and belief, a United States citizen and resides in Atlanta, Georgia. Mr. Williams is believed to be an executive vice president of Galardi South Enterprises, Inc. and a vice president of Galardi South Enterprises Consulting, Inc. and is integrally involved in the operations of King of Diamonds.

17.

Teri Galardi is, upon information and belief, a United States citizen and resides in Miami, Florida and various locations in Georgia, including the towns of  Jackson and Flovilla.  Ms. Galardi is believed to be the CEO of Galardi South Enterprises, Inc.; the president of Galardi South Enterprises Consulting, Inc.; and the president of Fly Low, Inc. d/b/a King of Diamonds and is integrally involved in the day to day operations of King of Diamonds.  Teri Galardi resides

at 15820 SW 53rd Ct, Southwest Ranches, Florida 33331-3372 and at 2146 Highway 42 S,

Flovilla, Georgia 30216.

18.

King of Diamonds is an adult entertainment establishment located at 17800 NE 5th

Avenue, Miami, Florida 33162.  Plaintiffs are informed and believe that King of Diamonds is co-

owned and operated by Galardi South Enterprises, Inc., Galardi South Enterprises Consulting,

Inc., and Fly Low, Inc. and is organized and existing under Florida law.

19.

At all relevant times, Defendants operated in multiple states, including adult-themed

nightclubs and lounges located within this District, and based thereon, each is or was an

"employer" involved in interstate commerce within the meaning of the FLSA, codified at 29

U.S.C. § 201, *et seq*.  In addition, Defendants are or were, at all times mentioned herein,

enterprises engaged in commerce or in the production of goods for commerce as defined in

Section 3(r) of the Act (29 U.S.C. § 203(r) and 203(s)).

20.

Rick Taylor a/k/a "Disco Rick" is, upon information and belief, a United States citizen

and resides in Miami, Florida.  At the time of the acts giving rise to the instant Complaint, he

was a member of the management staff at King of Diamonds.  Mr. Taylor was and still is

responsible for supervising the adult entertainers, including Plaintiffs, and day to day operations,

including but not limited to scheduling and disciplining the adult entertainers, promotions, and

accounting.

7

21.

Terry Elliot is, upon information and belief, a United States citizen and resides in Miami, Florida.  At the time of the acts giving rise to the instant Complaint, he was a member of the management staff at King of Diamonds and shared responsibility for supervising the adult entertainers, including Plaintiffs, and day to day operations with Mr. Taylor, including but not limited to scheduling and disciplining the adult entertainers, promotions, and accounting. Mr. Elliot's resides at 16759 SW 16th St Pembroke Pines, Florida 33027-1416.

22.

Akinyele Adams is, upon information and belief, a United States citizen and resides in Orlando, Florida and Miami, Florida.  At the time of the acts giving rise to the instant Complaint, he was a member of the management staff at King of Diamonds and shared responsibility for day to day operations with Mr. Taylor and Mr. Elliot, including but not limited to scheduling and disciplining the adult entertainers, promotions, and accounting. Mr. Adams contributes financially to the maintenance of King of Diamonds. Mr. Adams resides at 54 Judith Lane, Orlando, Florida 32811.


**FACTS COMMON TO ALL CAUSES OF ACTION**

23.

PLAINTIFFS Vernitta Geter, Leanne Amos, Magalie Latortue, Monique Bland, Keyaira Bostic, and Shalaha Hardeman were adult entertainers at King of Diamonds owned and operated by Galardi South Enterprises, Inc. and Fly Low, Inc.  Plaintiffs were deprived compensation to which they were entitled through the following singular practices, decisions or plans of Defendants:

(a)     Requiring adult entertainers to work without compensation;

(b)     Requiring adult entertainers to perform work without compensation during times for which they could not receive tips;

(c)     Refusing to compensate adult entertainers one and one half times minimum wage when their total hours worked exceeded 40 hours.

(d)     Requiring adult entertainers to share tips with non-tipped employees; and

(e)     Requiring adult entertainers to pay fees for the right to work.

24.

At all times in the three years preceding the filing of the instant Complaint, Defendants have employed adult entertainers at King of Diamonds.

25.

In the three years preceding the filing of the instant Complaint, Defendants have misclassified all adult entertainers at King of Diamonds as "independent contractors."

26.

In the three years preceding the filing of the instant Complaint, Defendants have not required the adult entertainers to have specialized training, background or education.

27.

Defendants established specific work schedules. Additionally, Defendants dictated the specific times and manner in which the adult entertainers interacted with customers and danced on stage.  All named Plaintiffs were subject to the policies of Defendants outlined in this paragraph.

28.

Defendants required the adult entertainers, including Plaintiffs, to wear specific types of attire while performing, required them to attend unpaid staff meetings, and financed all advertising and licensing related to the business. All named Plaintiffs were subject to the policies of Defendants outlined in this paragraph.

29.

In the three years preceding the filing of the instant Complaint, Defendants required that the adult entertainers, including Plaintiffs, pay a specific amount, often referred to as a "house fee" or "bar fee," to qualify to work any given shift.   The "house fee" or "bar fee" varied from shift to shift, ranging from $75.00 to $500.00 depending on the shift and the event promoted by Defendants.  All named Plaintiffs were subject to the policies of Defendants outlined in this paragraph.

30.

Adult entertainers, including Plaintiffs, were fined for not showing up for a scheduled shift.  Adult entertainers who notified Defendants that they would be unable to work a shift were fined a minimum of $25.00 by Defendants.  Adult entertainers who failed to "call in" prior to a scheduled shift were fined a minimum of $100.00 by Defendants.  All named Plaintiffs were subject to the policies of Defendants outlined in this paragraph.

31.

In the three years preceding the filing of the instant Complaint, Defendants required adult entertainers, including Plaintiffs, to pay a specific "Disc Jockey" fee at the instruction of all Defendants, particularly Mr. Taylor. The amounts required to be paid by the adult entertainers

varied from event to event and night to night.  All named Plaintiffs were subject to the policies of Defendants outlined in this paragraph.

32.

In the three years preceding the filing of the instant Complaint, Defendants required adult entertainers to pay 10% of all gratuities received back to King of Diamonds at the instruction of Mr. Taylor. All named Plaintiffs were subject to the policies of Defendants outlined in this paragraph.

33.

In the three years preceding the filing of the instant Complaint, Defendants required adult entertainers to permit security staff to retrieve all gratuities received from stage dancing and individual "table dances" and to transport said gratuities to Defendants' office to be counted and distributed at the end of the work shift.  Adult entertainers were not given a true and verifiable accounting of the gratuities transported from the stage of the floor to the office or count room. At the end of a work shift, King of Diamonds management distributed the gratuities to the dancers.  This distribution was often less than the amount believed to have been earned by the adult entertainers and reduced the amount each adult entertainer, including Plaintiffs, actually earned.

34.

Defendants required that all single dollar bills earned by the adult entertainers, including Plaintiffs, be returned to the Defendants and exchanged for larger bills.  Adult entertainers were often charged a fee for returning the single bills.

35.

The fees described in paragraphs 29-34 constitute illegal tip sharing arrangements with non-tipped employees.  Further, the fees described in paragraphs 33-38 represent illegal kickbacks within the meaning of the FLSA.

36.

Defendants have never paid the adult entertainers, including Plaintiffs, any amount as wages.  The adult entertainers' sole source of work-related income during their employment with the Defendants was gratuities received from paying customers.

37.

Because Defendants did not pay an earned wage to adult entertainers, Defendants did not pay adult entertainers one and one half times their regular rate of pay when Plaintiffs exceeded forty hours worked in any given work week.

38.

Defendants knew or should have known that misclassifying Plaintiffs as "independent contractors" instead of the appropriate employee designation was a violation of the FLSA.  As a result, Defendants failed to pay the required minimum wage and failed to pay overtime wages as required by the FLSA.

39.

At all relevant times alleged herein, Defendants' above-mentioned actions, policies and practices of not paying Plaintiffs and other similarly situated persons compensation for work performed was in violation of the FLSA.

40.

Plaintiffs are informed and believe, and based thereon allege, that each and every one of the acts and omissions asserted herein was performed by, and/or is attributable to Defendants acting as agents and/or employees, and/or under the direction and control of Defendants, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control, and were committed willfully within the meaning of the FLSA.

41.

As a direct and proximate result of the unlawful actions of Defendants, Plaintiffs and persons similarly situated have suffered, and continue to suffer, from loss of earnings as yet to be ascertained, but subject to proof at trial, in amounts in excess of the minimum jurisdiction of this Court.

## COLLECTIVE ACTION ALLEGATIONS

42.

As alleged herein, Defendants are liable under the FLSA for willfully failing to properly compensate Plaintiffs and all other similarly situated current and former adult entertainers employed by Defendants during the three year period prior to commencement of this action, and as such, notice should be sent to past and present adult entertainers employed by Defendants Galardi South Enterprises, Inc.; Galardi South Enterprises Consulting, Inc.; Fly Low, Inc. d/b/a King of Diamonds; John Steve Ennis; Teri Galardi; Dennis Williams; Rick Taylor; Akiyele Adams; and Terry Elliot during the three year period prior to initiation of this action, pursuant to 29 U.S.C. § 216(b).

43.

As alleged herein, Defendants deprived Plaintiffs and other similarly situated adult entertainers of compensation to which they are entitled through the following singular practices, decisions or plans:

(a)     Requiring adult entertainers to work without compensation;

(b)     Requiring adult entertainers to perform work during times for which they could not receive tips without compensation;

(c)     Refusing to compensate adult entertainers one and one half times minimum wage when their total hours worked exceeded 40 hours;

(d)     Requiring adult entertainers to share tips with non-tipped employees; and

(e)     Requiring adult entertainers to pay fees for the right to work.

44.

Based thereon, Defendants have repeatedly and intentionally engaged in a similar practice, commonly and typically applied to the class of adult entertainers, of improperly depriving compensation to which such adult entertainers are entitled under the FLSA.

45.

Questions that are common among the FLSA Collective Action members include, but are not limited to:

(a)     whether Defendants have and continue to unlawfully refuse to pay adult entertainers proper compensation, in violation of the FLSA, 29 U.S.C. § 201, *et seq*., for all work performed;

(b)     whether Defendants have and continue to unlawfully refuse to pay adult entertainers proper overtime compensation, in violation of the FLSA, 29 U.S.C. §

14

201, *et seq.*, through the aforementioned policies and practices;

(c)     whether Defendants' failure to pay such proper compensation is willful within the meaning of the FLSA.

46.

There are numerous similarly situated current and former adult entertainers employed by Defendants in venues owned and/or operated by Defendants Galardi South Enterprises, Inc.; Galardi South Enterprises Consulting, Inc.; and Fly Low, Inc. d/b/a King of Diamonds who have been subject to the same policies and practices alleged herein, in violation of the FLSA, and who would benefit from the issuance of a Court-supervised notice of the present lawsuit and the opportunity to join in the present lawsuit.  Those similarly situated employees are known to Defendants, and are readily identifiable by Defendants' records.

47.

Each of the Plaintiffs, identified in Paragraph 1, consented to sue in this action pursuant to 29 U.S.C. § 216(b).  Additional potential collective action members may execute and file forms consenting to opt-in to join as a plaintiff in the instant action.  Copies of the Plaintiffs' Notices of Consent are attached hereto as Exhibit 1.

48.

Plaintiffs, on behalf of themselves and other similarly situated current and former employees, bring this collective action against Defendants under the FLSA, 29 U.S.C. § 201, *et seq.* for failure to pay minimum wage and overtime compensation.

49.

Plaintiffs and others similarly situated (the "FLSA Collective"), are individuals who are current and former adult entertainer employees of Defendants within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

## CAUSES OF ACTION
## COUNT ONE

### Failure to pay Wages in
### Violation of the Minimum Wage Provision of FLSA

### (Against all Defendants)

50.

Paragraphs 1-49 are incorporated by reference as if fully set forth herein.

51.

This claim arises from Defendants' willful violation of the FLSA for failure to pay a minimum wage to Plaintiffs and the FLSA Collective.

52.

At all times relevant, Defendants Galardi South Enterprises, Inc.; Galardi South Enterprises Consulting, Inc.; and Fly Low, Inc. d/b/a King of Diamonds have been, and continue to be, "employers" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 201, *et seq*.  At all times relevant, these Defendants have employed and continue to employ adult entertainers, including named Plaintiffs and members of the FLSA Collective, who engage or engaged in commerce or in the production of goods for commerce. At all times relevant, upon information and belief, these Defendants have had annual gross sales or done business in excess of $500,000.00.

16

53.

The minimum wage provisions of the FLSA apply to Defendants and protect Plaintiffs and the FLSA Collective. Defendants were required to compensate all adult entertainers for all work performed as non-exempt employees.

54.

Pursuant to the FLSA, 29 U.S.C. § 206, Plaintiffs and the FLSA Collective were entitled to be compensated at a rate of $7.25 per hour.

55.

Defendants were not allowed to avail themselves of the federal tipped minimum wage rate under the FLSA because Defendants provided no notice to adult entertainers of its intention to take a tip credit and because Plaintiffs were required by Defendants to pool tips with non-tipped employees, specifically members of the management staff of King of Diamonds.

56.

Defendants Galardi South Enterprises, Inc.; Galardi South Enterprises Consulting, Inc.; and Fly Low, Inc. d/b/a King of Diamonds, pursuant to its policies and practices, refused and failed to pay a minimum wage to Plaintiffs and the FLSA Collective.

57.

Such acts were committed knowingly and willfully, within the meaning of 29 U.S.C. § 255(a), with a conscious disregard for the rights of the Plaintiffs and persons similarly situated under federal wage and hour laws, by which such acts have deprived the Plaintiffs and persons similarly situated of their property and legal rights.

17

58.

As a result of the aforementioned violations, Plaintiffs and potential collective action members have suffered, and continue to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such wages, and have incurred expenses and attorney's fees in seeking to compel Defendants to fully perform their obligations under the law, all to their respective damage in amounts according to proof at the time of trial, but in excess of the minimum jurisdiction of this Court.

59.

Pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*, and including, 29 U.S.C. § 216(b), Plaintiffs are legally entitled to recover unpaid wages at their regular rate, plus interest, liquidated damages, attorney's fees, and costs of suit.

## **COUNT TWO**

### **Failure to Pay Overtime Wages in Violation of the Overtime Provisions of the FLSA, 29 U.S.C. § 201, *et seq.***

### **(Against all Defendants)**

60.

Paragraphs 1-49 are incorporated by reference as if fully set forth herein.

61.

Pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*, Defendants are and/or were required to compensate all non-exempt employees for all overtime work performed at a rate of pay not less than one and one half the regular rate of pay for work performed in excess of 40 hours in a work week.

62.

Defendants Galardi South Enterprises, Inc., Galardi South Enterprises Consulting, Inc., and Fly Low, Inc. d/b/a King of Diamonds, pursuant to its policies and practices, refused and failed to pay any wage at all to Plaintiffs and the FLSA Collective, including failing to pay a rate of not less than one and one half the regular rate of pay when Plaintiffs and the FLSA Collective worked in excess of 40 hours in a work week.

63.

Such acts were committed knowingly and willfully, within the meaning of 29 U.S.C. § 255(a), and with a conscious disregard of the rights of the Plaintiffs and persons similarly situated under federal wage and hour laws, and such acts have deprived Plaintiffs and persons similarly situated of their property and legal rights.

64.

As a result of the aforementioned violations, Plaintiffs and potential collective action members have suffered, and continue to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such wages, and have incurred expenses and attorney's fees in seeking to compel Defendants to fully perform its obligations under the law, all to their respective damage in amounts according to proof at the time of trial, but in excess of the minimum jurisdiction of this Court.

65.

Pursuant to the FLSA, 29 U.S.C. § 201, *et seq*., and including, 29 U.S.C. § 216(b), Plaintiffs are legally entitled to recover unpaid balances of overtime compensation, plus interest, liquidated damages, attorney's fees, and costs of suit.

WHEREFORE, Plaintiffs pray judgment against Defendants, and each of them, as set forth herein below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated, pray for judgment against Defendants as follows:

a. Issuance of notice pursuant to 29 U.S.C. § 216(b) as soon as possible to all adult entertainers who worked for Defendants during any portion of the three years immediately preceding the filing of the instant Complaint. Generally, this notice should inform them that this action has been filed, describe thenature of the action, and explain their right to opt-in to this lawsuit;

b. Judgment against Defendants for an amount equal to Plaintiffs' unpaid back wages, overtime pay and unlawful kickbacks;

c. Judgment against Defendants as their violations of the various provisions of FLSA were willful;

d. An amount equal to the unpaid wages and kickback damages as liquidated damages;

e. An award of prejudgment interest;

f. All costs and attorney's fees incurred in prosecuting these claims;

g. Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the Plaintiffs, on behalf of themselves and others similarly situated, demand a trial by jury.

/s/  Joshua M. Entin
Joshua M. Entin, Esq.
Florida Bar Number: 0493724
Entin & Della Fera, P.A.
110 S.E. 6th Street, Suite 1970
Ft. Lauderdale, Florida 33301
Tel:  (954) 761-7201
Fax:  (954) 764-2443
E-mail:  josh@entinlaw.com
*Attorneys for Plaintiffs*

Michael Akemon
The Richards Law Group
P.O. Box 360295
Decatur, GA 30034
Telephone: 404-289-6816
Facsimile: 404-795-0727
mutepe.akemon@richardslegal.com
*Attorneys for Plaintiffs*
*Pending Pro Hac Vice Admission*

Jameson B. Carroll
Michael Weiss
Carroll & Weiss, LLP
1819 Peachtree Road, Suite 104
Atlanta, Georgia 30309
Telephone: (404) 228-5337
Facsimile: (404) 228-5564
jcarroll@carrollweiss.com
mweiss@carrollweiss.com
*Attorneys for Plaintiffs*
*Pending Pro Hac Vice Admission*