UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 14-21896-CIV-ALTONAGA/O'Sullivan

**VERNITTA GETER**, *et al.*,

      Plaintiffs,

vs.

**GALARDI SOUTH
ENTERPRISES, INC.**, *et al.*,

      Defendants.
_____/

## ORDER

**THIS CAUSE** came before the Court upon Plaintiffs' Joint Motion to Dismiss . . . ("Motion") [ECF No. 85], filed July 28, 2014. Defendant, Fly Low, Inc. ("Fly Low," "King of Diamonds," or "KOD") filed its Response . . . ("Response") [ECF No. 91] on August 14, 2014; Plaintiffs filed their Reply . . . ("Reply") [ECF No. 107] on August 25, 2014. The Court has carefully considered the parties' written submissions and applicable law.

## I. BACKGROUND[1]

This matter arises out of a dispute over allegedly unpaid wages owed to Plaintiffs, who worked as adult entertainers in the King of Diamonds club. (*See* Am. Countercl. ¶¶ 10, 17; Complaint [ECF No. 1]). Plaintiffs seek compensation pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. section 201 *et seq.* (*See generally* Compl.). Fly Low's Amended Counterclaim alleges each Plaintiff was required to "accurately reflect the hours [during] which she was present in the Club by signing in and signing out" (Am. Countercl. ¶ 11 (alteration

---

[1] The allegations of the Amended Counterclaim ("Amended Counterclaim") [ECF No. 82] are taken as true.

added)), which Plaintiffs often failed to do (*see id.* ¶ 12). Plaintiffs represented to Fly Low they were independent contractors and would perform as such at the King of Diamonds club. (*See id.* ¶ 13). Fly Low allowed Plaintiffs to keep "certain service charges which KOD charged to its customers . . . less certain deductions." (*Id.* ¶ 14 (alteration added)). Plaintiffs kept as tips "amounts paid in excess of these minimums . . . ." (*Id.* ¶ 15).

Fly Low alleges Plaintiffs violated their agreements with it by filing the lawsuit and may not retain the minimum service charges while demanding hourly compensation from Fly Low. (*See id.* ¶¶ 16–17). It further claims if Plaintiffs prevail on their claims, it is entitled to recover the difference between the service charge and the minimum wage. (*See id.* ¶ 18). The Amended Counterclaim contains four counts: money had and received (Count I); unjust enrichment (Count II); breach of contract (Count III); and breach of contract on the basis of an indemnification agreement (Count IV). (*See generally id.*). Fly Low moves to dismiss the Amended Counterclaim on the basis it fails to state a claim for relief and for lack of subject matter jurisdiction over the breach of contract counterclaims.

## II.  LEGAL STANDARDS

### A.  Rule 12(b)(6): Failure to State a Claim

"A motion to dismiss a counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6) is evaluated in the same manner as a motion to dismiss a complaint." *Great Am. Assur. Co. v. Sanchuk, LLC*, No. 8:10-cv-2568-T-33AEP, 2012 WL 195526, at *2 (M.D. Fla. Jan. 23, 2012) (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although this pleading standard "does not require 'detailed factual allegations,' . . . it

demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. (alteration added) (quoting *Twombly*, 550 U.S. at 555).

Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). Indeed, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556). To meet this "plausibility standard," a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678 (alteration added) (citing *Twombly*, 550 U.S. at 556). When reviewing a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and take the factual allegations therein as true. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997).

### B.  Rule 12(b)(1): Lack of Subject Matter Jurisdiction

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). It is presumed that a federal court lacks jurisdiction in a particular case until the plaintiff demonstrates the court has jurisdiction over the subject matter. *See id.* (citing *Turner v. Bank of N. Am.*, 4 U.S. 8, 11 (1799); *McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 182–83 (1936)). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3).

Attacks on subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure may be either facial or factual. *See Lawrence v. Dunbar*, 919 F.2d 1525, 1528–29 (11th Cir. 1990). Like a Rule 12(b)(6) motion, a "'facial attack' on the complaint requires the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in [the] complaint are taken as true . . . ." *Menchaca v. Chrysler*

*Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980) (alterations added; citation omitted)). Factual attacks differ because they "challenge[] the existence of subject matter jurisdiction in fact, . . . and matters outside the pleadings, such as testimony and affidavits, are considered." *Id*. (alterations added; citation omitted). Plaintiffs' Motion presents a facial attack. (*See generally* Mot.).

### III.  ANALYSIS

Plaintiffs argue the four claims asserted in the Amended Counterclaim constitute a "set-off" counterclaim that is not permitted in FLSA actions. (*See* Mot. 3). They also argue the Court lacks jurisdiction pursuant to 28 U.S.C. section 1367(a) over Counts III and IV for breach of contract (*see id.* 6), and those counts lack sufficient factual allegations to survive dismissal (*see id.* 7).

#### A.  Counts I and II — Money Had and Received and Unjust Enrichment

Pursuant to binding precedent in this Circuit, an employer may not set-off in-kind payments to employees such that an employee's wage falls below the minimum or overtime wage required under the FLSA. *See Brennan v. Heard*, 491 F.2d 1, 3–4 (5th Cir. 1974), *abrogated on other grounds by McLaughlin v. Richland Shoe Co*., 486 U.S. 128 (1988) (reversing order permitting "set-offs against the amount due in back pay for the value of goods, including gas and supplies from the company store, furnished by Heard to his employees"). To accomplish the purpose of the FLSA, "the minimum wage required must normally be paid free and clear." *Id.* at 3 (footnote call number, citation, and internal quotation marks omitted). Nevertheless, "*Brennan* does not prohibit a set-off when the set-off will not cause a plaintiff's wages to dip below the statutory minimum." *Moura v. Culinary Advisors, Inc*., No. 13-80780-CIV, 2014 WL 979104, at *2 (S.D. Fla. Mar. 13, 2014) (refusing to dismiss counterclaim based

on allegation "payments were advance wage payments"). Fly Low argues *Brennan* does not bar the Amended Counterclaim because "Plaintiffs' earnings exceeded the minimum wage required by law" and "KOD simply seeks the return of the compensation that has already been paid to and received by Plaintiffs." (Resp. 5).

Confronting an analogous situation, Judge Kenneth A. Marra recently denied a motion to dismiss a counterclaim alleging the plaintiff had "received payments for hours he did not actually work." *Rivero v. Lefeld & Son, LLC*, No. 13-81154-CIV, 2014 WL 2095219, at *4 (S.D. Fla. May 20, 2014). Judge Marra reasoned, "to the extent [plaintiff's] claim for alleged overtime is based on hours he did not work, there would be no danger of running afoul of the set-off rule in FLSA cases because his pay would not be reduced below the minimum wage." *Id.* (alterations added).

Cases cited by Plaintiffs are inapposite. (*See generally* Mot., Reply). No in-kind payments make up the basis of Counts I and II; instead, these seek a reduction based on *cash* paid to Plaintiffs. (*See* Am. Countercl. ¶¶ 22–31). In *Perez v. South Florida Landscape Maintenance, Inc.*, Judge Marra denied leave to add a counterclaim involving the plaintiff's taking possession of a lawn mower and failing to make payments for it, because "allowing such a set-off would invariably cause Plaintiff not to receive the overtime payments to which he was allegedly entitled under the FLSA" and the counterclaim "does not involve an overpayment of wages . . . ." No. 13-80620-CIV, 2014 WL 293774, at *3 (S.D. Fla. Jan. 23, 2014) (footnote call number omitted). The counterclaim dismissed in *Leite v. Tremron, Inc.* concerned a severance agreement, not cash paid to plaintiffs during their alleged employment. *See* No. 12-22118-CIV-MORENO, 2012 WL 4049962, at *1 (S.D. Fla. Sept. 13, 2012). The court specifically noted, "This case does not involve a set-off against an overpayment or pre-payment of wages. Rather,

5

the severance agreement was an arrangement distinct from [defendant's] ordinary employment obligations . . . ." *Id.* at *4 (alteration added). The claims at issue in *Matthews v. Applied Concepts Unleashed, Inc.* sought "set-offs due to Plaintiff's alleged theft and destruction of business records," *not* "overpayment of wages . . . ." No. 2:11-cv-14347-KMM, 2012 WL 3150265, at *2 (S.D. Fla. Aug. 1, 2012).

One case Plaintiffs cite, *Fernandez v. Xpress Painting Corp.*, No. 12-21738-CIV, 2012 WL 3562255 (S.D. Fla. Aug. 17, 2012), does appear more analogous to the present situation. In *Fernandez*, counterclaims for unjust enrichment and breach of contract were based on defendants' providing plaintiffs loans and an airline ticket, as well as defendants' guarantee of one plaintiff's monthly rent payments. *See id.* at *1. The court dismissed the counterclaims, but only after noting the "set-off here would reduce Plaintiffs' recovery below the FLSA statutory minimum . . . ." *Id.* at *4 (citations omitted). Plaintiffs contend "it is evident that should Fly Low[] receive the set-off sought, it will result in payments to [P]laintiffs below the FLSA's statutory minimum." (Mot. 4 (alterations added)). Yet they do not sufficiently support this contention, and the Court is unable to so conclude based on the four corners of the pleading. (*See generally* Am. Countercl.).

Plaintiffs assert the fact the service charges were paid by customers, not Fly Low itself, means they do not constitute advance payments or overpayments of wages; thus, Counts I and II are barred by the rule in *Brennan*. (*See* Reply 5). The Amended Counterclaim does not clearly indicate this is the case. (*See* Am. Countercl. ¶ 24 ("KOD will have paid money to [Plaintiffs] . . . . [Plaintiffs] received compensation and benefits from KOD that should not have been paid . . . ." (alterations added)). Still, the Response seems to indicate Plaintiffs were paid directly by customers. (*See* Resp. 4 ("The service charges that Plaintiffs received . . . were established by

KOD and paid by its customers . . . ." (alterations added))).

None of the cases analyzing the *Brennan* rule address this factual scenario, but the Court finds the distinction irrelevant. Whether Fly Low established a mandatory fee paid by customers directly to Plaintiffs or chose to serve as a conduit for the exact same fee paid to Plaintiffs should not be dispositive. Indeed, at least one FLSA decision in the adult entertainment context has held service charges paid by customers to plaintiffs could offset the minimum wage liability of the defendant. *See Ruffin v. Entm't of the E. Panhandle*, 845 F. Supp. 2d 762, 768–69 (N.D. W. Va. 2011). As such, Plaintiffs' assertion *Brennan* mandates dismissal of Counts I and II fails to persuade.[2] These counts state claims for which relief may be granted.

### B. Counts III and IV — Breach of Contract

Plaintiffs contend Counts III and IV are barred by *Brennan* because they "do not involve advance payment or overpayment of wages." (Mot. 5 (citation omitted)). Count III seeks damages, including the amount of service charges Plaintiffs kept, as a result of breach of contract; Count IV seeks attorney's fees and costs if Plaintiffs are determined to be independent contractors. (*See* Am. Countercl. ¶¶ 32–45). As previously stated, only set-offs involving cash payments to Plaintiffs are permitted. Count IV clearly seeks a set-off involving money not previously paid to Plaintiffs — attorney's fees. As such, Count IV is barred by *Brennan*. *See Leite*, 2012 WL 4049962, at *4 ("Any setoff that reduces the amount of overtime wages that the plaintiff is entitled to under the FLSA is therefore inappropriate.").[3]

---

[2] However, the Court notes that pursuant to the aforementioned authorities, if Plaintiffs "prevail on [their] FLSA claim[s], Defendant[] will only be permitted recovery on the counterclaims to the extent they do not reduce [Plaintiffs'] claim[s] below the minimum wage." *Rivero*, 2014 WL 2095219, at *4 (alterations added).

[3] At least one court has permitted a counterclaim for indemnity in an FLSA action. *See Dobbins v. Scriptfleet, Inc.*, No. 8:11-cv-1923-T-24-AEP, 2012 WL 2282560, at *2 (M.D. Fla. June 18, 2012) ("Defendant is seeking indemnity for the attorneys' fees it incurs in defending against Plaintiff's claim.

Count III, which seeks in part the return of the service charges, is not barred by *Brennan*, but as previously stated (*see* n.2, *supra*), recovery on this basis cannot reduce Plaintiffs' recovery below the FLSA's minimum wage. To the extent Count III seeks a set-off for anything other than cash paid to Plaintiffs, it is barred for the same reasons Count IV is barred.

Plaintiffs also assert Count III should be dismissed on the ground it is no more than a legal conclusion and the agreements (*see* Am. Countercl., Ex. A ("Agreements") [ECF No. 82-1]) do not contain language concerning the filing of a lawsuit against Fly Low. (*See* Mot. 7–8). In order to state a claim for breach of contract, a plaintiff need only allege the existence of "'1) a valid contract; 2) a material breach; and 3) damages.'" *Int'l Star Registry of Ill. v. Omnipoint Mktg., LLC*, 510 F. Supp. 2d 1015, 1022 (S.D. Fla. 2007) (quoting *Abbott Labs., Inc. v. Gen. Elec. Capital*, 765 So. 2d 737, 740 (Fla. 5th DCA 2000)). "A copy of a written instrument included as an exhibit to a pleading is a part of the pleading for all purposes, including a Rule 12(b)(6) motion to dismiss." *Indulgence Yacht Charters Ltd. v. Ardell Inc.*, No. 08-60739, 2008 WL 4346749, at *4 (S.D. Fla. Sept. 16, 2008) (citations omitted). "[W]hen the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern." *Id.* (alteration in original; citation and internal quotation marks omitted).

However, the Court "may not engage in contract interpretation at the motion to dismiss stage, as these arguments are more appropriate for summary judgment." *McKissack v. Swire Pac. Holdings, Inc.*, No. 09-22086-Civ, 2011 WL 1233370, at *3 (S.D. Fla. Mar. 31, 2011) (citation omitted). *See also Managed Care Solutions, Inc. v. Cmty. Health Sys., Inc.*, No. 10-60170-CIV, 2011 WL 6024572, at *8 (S.D. Fla. Dec. 2, 2011) ("A determination of the proper

---

Consequently, the case law barring indemnification claims relating to FLSA liability will not apply to Defendant's counterclaim if Plaintiff is unsuccessful in proving that she was Defendant's employee.") But this decision does not discuss *Brennan* or its progeny, and the Court therefore finds its analysis inapplicable to the present controversy. *See generally id.*

interpretation of the contract should be decided at the summary judgment stage, not in a ruling on a [] motion to dismiss." (alteration added)); *Ben-Yishay v. Mastercraft Dev., LLC*, 553 F. Supp. 2d 1360, 1373 (S.D. Fla. 2008) ("The proper interpretation of this provision is not a matter that can be resolved on a motion to dismiss for failure to state a claim. Interpretation of a clear and unambiguous contractual provision is a question of law properly decided on summary judgment." (citation omitted)).

Plaintiffs assert Fly Low has not alleged a material breach of the contract's terms because the filing of the Complaint does not constitute a breach. (*See* Reply 6–7). However, Count III alleges a violation of the Agreements due to Plaintiffs' attempts to be classified as employees. (*See* Am. Countercl. ¶¶ 32–41). The Agreements state, "Independent Contractor desires to perform services for Owner on an Independent contracting basis . . . ." (Agreements 2). Were the Court to find Plaintiffs' actions not to be a violation of the Agreements, it would be interpreting the Agreements, which the Court will not do at the motion to dismiss stage. Through the allegations of the Amended Counterclaim, Fly Low has sufficiently pleaded a claim for breach of contract.

### C. Supplemental Jurisdiction

Plaintiffs argue Count III should be dismissed because it is not "'so related to claims in the action within [the Court's] original jurisdiction that [it] form[s] part of the same case or controversy under Article III of the United States Constitution.' 28 U.S.C. § 1367(a)." (Mot. 6 (alterations added)). They assert the FLSA claims — within the Court's original jurisdiction — "will involve proof of hours worked as well as evidence that establish[es] their status as employees," but the breach of contract claims involve "evidence of the terms of the purported contract and whether plaintiffs' actions constitute a breach . . . ." (*Id.* (alteration added; citations

omitted)).

"The constitutional 'case or controversy' standard confers supplemental jurisdiction over all state claims which arise out of a common nucleus of operative fact with a substantial federal claim." *Lucero v. Trosch*, 121 F.3d 591, 597 (11th Cir. 1997) (citations omitted).  The breach of contract counterclaim concerns the contracts purportedly in effect between Plaintiffs and Fly Low, the terms of which may be dispositive in Plaintiffs' FLSA claims.  The interpretation of the contracts constitutes a "common nucleus of operative fact" sufficient for supplemental jurisdiction.  *Id.* (citations omitted); *see also Rivero*, 2014 WL 2095219, at *4 (determining supplemental jurisdiction exists for breach of contract counterclaim because the "FLSA claim and the counterclaims stem from the employer/employee relationship and the duties and obligations of both Defendants and [Plaintiff]" (alteration added)).  Accordingly, the Court has jurisdiction under 28 U.S.C. section 1367(a) over Count III.

## IV. CONCLUSION

Based on the foregoing, it is

**ORDERED AND ADJUDGED** as follows:

1. The Motion **[ECF No. 85]** is **GRANTED in part** and **DENIED in part**.

2. Count IV of the Amended Counterclaim **[ECF No. 82]** is **DISMISSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 29th day of August, 2014.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record