UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Civil Action No. 1:14-CV-21896-ALTONAGA/O'Sullivan

| | |
|---|---|
| Vernitta Geter, et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) |
| Galardi South Enterprises, Inc., et al., | ) ) |
| Defendants. | ) ) |

**DEFENDANT FLY LOW, INC.'S MOTION FOR SANCTIONS
AGAINST PLAINTIFF KEYAIRA BOSTIC**

COMES NOW FLY LOW, INC., Defendant in the above-styled civil action, and files this Brief in support of its Motion for Sanctions against named Plaintiff Keyaira Bostic ("Ms. Bostic"). Defendant's Motion should be granted because Ms. Bostic failed to appear for her deposition, and no explanation from Ms. Bostic is expected which purports to explain her failure to appear for a deposition on a deposition date approved by her own counsel.

**A.     Plaintiff Should Be Sanctioned for Her Failure To Appear for Her Jointly Scheduled and Duly Noticed Deposition.**

The Federal Rules of Civil Procedure are clear that a party is subject to immediate sanctions, without the necessity of an order compelling discovery, where that party fails to appear for her own deposition following proper notice. Fed.R.Civ.P. 37(d)(1)(A)(i)-(vi). The failure of a party to attend a properly noticed deposition authorizes the Court to impose any of the following sanctions identified in Fed.R.Civ.P. 37(b)(2)(A):

> (i)     directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

>   (ii)     prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
>   (iii)    striking pleadings in whole or in part;
>
>   (iv)    staying further proceedings until the order is obeyed;
>
>   (v)     dismissing the action or proceeding in whole or in part; or
>
>   (vi)    rendering a default judgment against the disobedient party.

Because a large number of plaintiffs (including Ms. Bostic) are residents of south Florida, Defendant's counsel generally must fly to south Florida to depose those claimants who reside in south Florida. When that occurs, Defendant's counsel prefers to use the time efficiently, and take as many depositions as possible. In November, 2014, Defendants desired to depose as many plaintiffs as could be deposed in south Florida during the week of November 10. To that end, the parties worked cooperatively to schedule the depositions of 11 claimants: Rochelle Johnson, Kenisha Myree, Tiffany Lawson (November 10), Brigitte Medina, Vernitta Geter and Maggie Latortue (November 11), Victoria Ballard, Stephanie Medina and LeKeisha Fenner (November 12), Qshana Windon and Keyaira Bostic (November 13). The depositions of these claimants (with the exception of Brigitte Media, Kenisha Fenner and Keyaira Bostic) were taken during the week of November 10, as scheduled. The depositions of Ms. Fenner and Ms. Bostic did not proceed during the week of November 10, however, they were subsequently rescheduled for February 10, 2015. Ms. Fenner appeared for her deposition on February 10, 2015; Ms. Bostic did not.

The Court should exercise its discretion and appropriately sanction Ms. Bostic for her failure and refusal to appear at her own deposition. No explanation was given for why Ms. Bostic did not appear for her deposition on November 13, 2014, but Defendants' counsel did not make an issue of it at that time. By agreement of counsel, Ms. Bostic was scheduled to be deposed at 1:30 p.m. on

Tuesday, February 10, 2015, at the Ft. Lauderdale, Florida office of her local counsel. (Attachments 1 and 2). Plaintiffs' counsel informed Defendants' counsel in writing that Ms. Bostic, along with another claimant LaKeisha Fenner, were available to be deposed on that date. Accordingly, Defendant's counsel prepared served and served Plaintiff's counsel with a Notice to Take the Deposition of Ms. Bostic by e-mail on January 14, 2015. (Attachment 2).

Regrettably, once again, Ms. Bostic did not appear for her deposition on February 10, 2015. At that time, according to her counsel, Mutepe Akemon, Esq., Ms. Bostic was "in the wind," an expression sometimes used by attorneys to describe a client who no longer communicates with them and who, effectively, cannot be contacted. When asked at the deposition what Plaintiffs' counsels' intentions were with respect to Ms. Bostic, Mr. Akemon indicated that she would "likely be dismissed" from the civil action. Yet, when on February 11, 2015, Defendant's counsel corresponded with Plaintiffs' counsel to confirm that they concurred with the filing of a dismissal of Ms. Bostic, Defendants' counsel, Jameson Carroll, Esq., apparently trumping Mr. Akemon's suggestion, expressed his opinion that a dismissal of Ms. Bostic was "too punitive for missing a deposition" and that Plaintiffs' counsel would neither stipulate to the voluntary dismissal of Ms. Bostic, nor concur with Defendant's motion seeking her dismissal as a sanction for refusing to appear.

Defendant recognizes that involuntary dismissal is a step which a court should not ordinarily take absent compelling circumstances. The Eleventh Circuit has held, dismissal under Rule 37 "is an extreme remedy and should not be imposed if lesser sanctions will suffice." *Navarro v. Cohan,* 856 F.2d 141, 142 (11th Cir.1988). In determining whether lesser sanctions will suffice, the presence or absence of willfulness is a relevant consideration. 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2291 (2d

ed.1995). Plaintiff, however, has not and cannot offer any explanation for her failure to appear for the taking of her deposition, particularly after her counsel previously indicated she was available on that date to be deposed. *See Hashemi v. Campaigner Publications, Inc.,* 737 F.2d 1538 (11th Cir.1984) (dismissal was an appropriate sanction for plaintiff's failure to appear at deposition or offer adequate explanation for his non-appearance); *Bonaventure v. Butler,* 593 F.2d 625, 626 (5th Cir.1979) (plaintiff's repeated failure to appear for deposition warranted dismissal of his suit with prejudice); *Durgin v. Graham,* 372 F.2d 130, 131 (5th Cir.1967) (where plaintiff has not appeared for deposition or given any indication that he intends to do so in the future, dismissal is appropriate); *Foss v. Gerstein,* 58 F.R.D. 627 (S.D.Fla.1973) (plaintiff's failure to appear for deposition or to justify his conduct warranted dismissal of his action); *Phipps v. Blakeney*, 8 F.3d 788, 790 (11th Cir.1993)(dismissal is appropriate sanction when a plaintiff's recalcitrance is doe to wilfulness, bad faith or fault).  Moreover, her failure to appear for her deposition on February 10 was not the first time she has not appeared for a deposition date scheduled by her own counsel and by agreement of the parties.  In the absence of any verified explanation why Ms. Bostic did not appear for her deposition, the Court should dismiss her claim(s) from this civil action.

Since Ms. Bostic appears to have stopped communicating with her counsel, and has on one more occasions refused to appear, or otherwise failed to make herself available for the taking of her deposition, Defendant respectfully submits that the striking or dismissal of Ms. Bostic's claims is the most appropriate available sanction(s) under the circumstances.  Fed.R.Civ.P. 37(b)(2)(A)(iii) expressly authorizes the Court to strike pleadings in whole or in part, and subsection (v) permits the Court to dismiss the action in whole or in part.

    **B.**    **At a Minimum, Defendant Is Entitled To Recover Its Reasonably Incurred Attorneys' Fees and Expenses In Bringing This Motion.**

In addition to any other sanction imposed against Plaintiff in the Court's sound discretion, Defendant should be awarded its reasonable attorney's fees and expenses of litigation to be paid by Plaintiff. Fed.R.Civ.P. 37(d)(3) requires the Court assess Plaintiff with Defendant's reasonable expenses, including attorneys' fees, caused by her failure to appear at her deposition.

During the week of February 9, 2015, Defendant's counsel scheduled the depositions of two claimants (including Ms. Bostic's) for February 10, participated in a court-ordered mediation on February 11, and deposed Plaintiffs' designated expert witness on February 12, 2015. Regrettably, Defendant had no notice that Ms. Bostic would not appear for her deposition on February 10, otherwise arrangements could have been made for another claimant to have been deposed in her place, resulting in a loss of half of one day which otherwise could have been used to depose another claimant from south Florida. In this case, Ms. Bostic's willful failure to appear for her deposition (twice) has resulted in delay and Defendant's counsel having to expend time in preparation of the deposition and this motion.

### III.  CONCLUSION

WHEREFORE, Defendant respectfully request this Court consider its Motion and enter an order imposing appropriate sanctions against Plaintiff Keyaira Bostic for her refusal to make herself available during the week of November 10, 2014, and her complete failure to appear for her deposition on February 10, 2015, including an assessment of Defendants' reasonable expenses of litigation incurred in Ms. Bostic's non-appearance and in bringing this Motion.

This 17th day of February, 2015.

                                                             Respectfully submitted,

|  |  |
|---|---|
|  | /s/ Dean R. Fuchs<br>Dean R. Fuchs, Esq.<br>Georgia Bar No. 279170<br>Lead Counsel for Defendant |
| Schulten Ward & Turner, LLP<br>260 Peachtree Street, NW<br>Suite 2700<br>Atlanta, GA 30303<br>(404) 688-6800<br>(404) 688-6840 facsimile<br>E-mail drf@swtlaw.com |  |
|  | /s/ Daniel W. Matlow<br>Daniel W. Matlow, Esq.<br>Florida Bar No. 384666<br>Local Counsel for Defendant |
| Daniel W. Matlow, P.A.<br>4600 Sheridan Street, Suite 300<br>Hollywood, FL 33021<br>Telephone:  (954) 842-2365<br>Facsimile:   (954) 337-3101<br>E-mail:  dmatlow@danmatlow.com |  |

## **CERTIFICATION**

I certify that on February 11, 2015, prior to filing this motion, I notified opposing counsel that I would be filing this Motion in a good faith effort to attempt to resolve the issues raised herein, but Plaintiffs' counsel have indicated they oppose Defendant's Motion.

Dated:  February 17, 2015.

**/s/ Dean R. Fuchs**
Dean R. Fuchs

## Certificate of Service

**I hereby certify** that a true and correct copy of the foregoing was served by VIA CM/ECF on this 17th day of February, 2015 on all counsel of record on the Service List below.

**/s/ Dean R. Fuchs**
Dean R. Fuchs

## SERVICE LIST

Joshua M. Entin, Esq.
Entin & Della Fera, P.A.
110 S.E. 6th Street, Suite 1970
Ft. Lauderdale, Florida 33301
Tel: (954) 761-7201
Fax: (954) 764-2443
josh@entinlaw.com

Michael Akemon Esq.
The Richards Law Group
P.O. Box 360295
Decatur, GA 30034
Tel: 404-289-6816
Fax: 404-795-0727
mutepe.akemon@richardslegal.com

Jameson B. Carroll Esq.
Michael Weiss Esq.
Carroll & Weiss, LLP
1819 Peachtree Road, Suite 104
Atlanta, Georgia 30309
Tel: (404) 228-5337
Fax: (404) 228-5564
jcarroll@carrollweiss.com
mweiss@carrollweiss.com