UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Civil Action No. 1:14-CV-21896-ALTONAGA/O'Sullivan

| | |
|---|---|
| Vernitta Geter, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| Galardi South Enterprises, Inc., et al., | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

**DEFENDANT FLY LOW, INC.'S MOTION TO COMPEL ARBITRATION**

COMES NOW FLY LOW, INC. f/d/b/a King of Diamonds, Defendant in the above-styled civil action, and, pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.,* (the "FAA") hereby moves the Court to compel opt-in claimants Whitney Hairston and Apeatsiwa Shaw-Taylor to submit their claims to binding arbitration.

Attached hereto as Exhibits "1" and "2" are copies of Arbitration Agreements signed by claimants Apeatsiwa Shaw-Taylor and Whitney Hairston on May 22, 2014, the same date this civil action was filed by the named Plaintiffs.[1] The Arbitration Policy they signed requires Ms. Shaw-Taylor and Ms. Hairston to submit all covered claims[2] they have against Fly Low to binding arbitration before AAA. It expressly provides:

> 1.   Any "covered claim" that you may have against [King of Diamonds], its owners, directors, officers, managers, employee[s] or agents… or that [King of Diamonds] may have against you shall be submitted exclusively to and determined exclusively by binding arbitration under the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, regardless of the state in which the arbitration is held or the substantive law applied in the arbitration.

---

[1] Ms. Shaw-Taylor and Ms. Hairston filed consent forms opting-into this civil action on January 13, 2015 and February 3, 2015, respectively. [D.E. 175 & 185].

[2] Under the Arbitration Policy, "covered claims" expressly include claims arising under the Fair Labor Standards Act. (Arbitration Policy, ¶2).

2. "Covered claims" include but are not limited to, claims that arose before and/or after this policy went into effect, arising under …. the Fair Labor Standards Act (FLSA)…".

The Arbitration Policy further requires all signatories to "bring all claims subject to arbitration in one arbitration proceeding. Any such claims not brought in one arbitration shall be deemed waived and precluded." (Arb. Policy, Section 3, Par. 1). The Policy goes on to provide that "[n]either [King of Diamonds] nor you can file a civil lawsuit in court against the other party relating to any covered claims. If a party files a lawsuit in court to resolve claims subject to arbitration, both parties agree that the court shall dismiss the lawsuit and require the claim to be resolved through arbitration." *Id.* at Section 7.

## ARGUMENT & CITATION OF AUTHORITY

Under applicable law, this arbitration agreement should be enforced and the Claimants ordered to submit their claims to binding arbitration. The FAA provides that a written arbitration provision in any "contract evidencing a transaction involving commerce" is "valid, irrevocable, and enforceable." 9 U.S.C. § 2. The FAA thus embodies an "unquestionably strong federal policy favoring arbitration." *Shearson/American Express v. McMahon*, 482 U.S. 220, 226 (1987) and *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 625 (1985)("[t]he liberal federal policy favoring arbitration agreements . . . is at bottom a policy guaranteeing the enforcement of private contractual arrangements.") In view of this strong federal policy, the FAA "establishe[s] that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-5 (1983).

When considering a motion to compel arbitration, the Court must first "decide whether the parties agreed to arbitrate that dispute." *Mitsubishi Motors Corp.*, 473 U.S. at 626; *Sherer v.*

2

*Green Tree Servicing LLC,* 548 F.3d 379, 381 (5th Cir.2008).  If so, the Court must then determine whether the arbitration clause is valid. *Fleetwood Enters., Inc. v. Gaskamp*, 280 F.3d 1069, 1073 (5th Cir.2002).  However, "having made the made the bargain to arbitrate, the party should be held to it unless Congress itself has evinced an intention to preclude a waiver of judicial remedies for the statutory rights at issue." *Mitsubishi Motors Corp.* at 628.

Here, Claimants Hairston and Shaw-Taylor specifically and expressly agreed that any and all claims that they might have against Fly Low, Inc. or any of its owners, directors, officers, managers, employees, or agents arising under the FLSA would be required to be submitted to binding arbitration rather than resolved by a court of law. (Arbitration Agreement, ¶¶ 1, 2). Claimants further agreed that any lawsuit filed to resolve a claim subject to arbitration as provided in the Arbitration Agreement would be dismissed and required to be arbitrated instead. (Id., ¶ 7).

This express agreement to submit any and all FLSA claims that Claimants might have against Fly Low, Inc. or any of its owners, directors, officers, managers, employees, or agents suffices for the Arbitration Agreement to cover, and require arbitration of, the claims asserted by Plaintiff in the Complaint, all of which arise under the FLSA. Not only is the Arbitration Claimants "susceptible of an interpretation that covers the asserted dispute," AT&T Techs., Inc. v. Commc'ns Workers of Am.,  475 U.S. 643, 650 (1986), but the Arbitration Agreement can only be plausibly read to apply to all of the claims asserted by Plaintiff in the Complaint.  For that reason, especially considering the federal policy in favor of arbitrating disputes where any doubt exists as to arbitrability, the claims asserted by Plaintiff in the Complaint are subject to binding arbitration pursuant to the Arbitration Agreement. Because all of the claims asserted by Plaintiff in the Complaint are subject to binding arbitration rather than resolution by a court of

law, this Court must dismiss those claims with prejudice to permit the arbitration to go forward. *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992) (dismissal proper when all issues raised in the district court must be arbitrated)).

This Court regularly enforces arbitration agreements. *Kozma v. Hunter Scott Financial, LLC,* Case No. 09-80502-CIV, 2010 WL 724498, at *3-4 (S.D.Fla., Feb. 25, 2010); *Francisque v. Nanak's Landscaping, Inc.*, Case No. 05-80160-CIV, 2005 WL 5419062, at *3 (S.D.Fla., July 12, 2005). The Eleventh Circuit Court of Appeals has upheld the enforceability of individually-executed arbitration agreements in FLSA cases. *Walthour v. Chipio Windshield Repair, LLC*, 745 F.3d 1326, 1334-35 (11th Cir.2014). Other district courts in this circuit have enforced arbitration agreements in cases factually identical to this civil action. *Stevenson et al. v. The Great American Dream, Inc. d/b/a Pin-Ups, et al.,* Case No. 1:12-CV-03359-TWT (N.D. GA, Jan. 16, 2014)(district court enforced arbitration agreement between adult entertainment establishment and its dancers in a civil action brought under the FLSA, and dismissed the claims of the entertainer whose claims were subject to the arbitration agreement). The Court should do the same here.

In their Original Complaint, Plaintiffs assert only two (2) counts: Count One (Failure to pay Wages in Violation of the Minimum Wage Provision of FLSA), and Count Two (Failure to Pay Overtime Wages in Violation of Overtime Provisions of the FLSA). Since Plaintiffs also claim they have been intentionally misclassified under the FLSA by Defendants as independent contractors, rather than as employees, the arbitration provision should be triggered to resolve a dispute related to their "relationship with the Club." The existence of a nexus between a claim and a contract triggers an arbitration clause in that contract, and the determination of arbitrability

is made based upon the factual allegations in the complaint. *Gregory v. Electro-Mechanical Corp.*, 83 F.3d 382, 384 (11th Cir. 1996).

There is nothing about the Arbitration Agreements signed by the Claimants which are misleading, confusing, or which render them otherwise unconscionable. They are not typed in a particularly small font, and the Agreements are easily understood. There is no evidence that the Agreements were foisted upon the Claimants in an interrogation-like manner, or that they were somehow coerced into signing them.

Applying the foregoing rules to the present controversy, federal law requires that the Arbitration Policy be enforced -- that the claims asserted by these claimants (and those other putative claimants who have signed the Arbitration Policy) be required to submit them to binding arbitration and that their claims be dismissed from this civil action. Claimants Apeatsiwa Shaw-Taylor and Whitney Hairston executed the Arbitration Policy prior to filing consent forms indicating their intent to participate in this this civil action. They seek money damages against Defendants for claims which they contend arise under the FLSA. The relationship meets the requisite standard of affecting commerce, and the claims clearly have a nexus with the transaction that included the Arbitration Policy.

## **CONCLUSION**

WHEREFORE, Defendant Fly Low, Inc. prays that this Court inquire into and grant its Motion to Compel Arbitration against claimants Apeatsiwa Shaw-Taylor and Whitney Hairston, so the Claimants may assert their claims before AAA, pursuant to the requirements of the Arbitration Policy they each agreed to less than one year ago.

This 18th day of February, 2015.

Respectfully submitted,

/s/ Dean R. Fuchs
Dean R. Fuchs, Esq.
Georgia Bar No. 279170
Lead Counsel for Defendant

Schulten Ward & Turner, LLP
260 Peachtree Street, NW
Suite 2700
Atlanta, GA 30303
(404) 688-6800
(404) 688-6840 facsimile
E-mail drf@swtlaw.com

/s/ Daniel W. Matlow
Daniel W. Matlow, Esq.
Florida Bar No. 384666
Local Counsel for Defendant

Daniel W. Matlow, P.A.
4600 Sheridan Street, Suite 300
Hollywood, FL 33021
Telephone:  (954) 842-2365
Facsimile:   (954) 337-3101
E-mail:  dmatlow@danmatlow.com

## **CERTIFICATION**

I certify that on February 15, 2015, prior to filing this motion, I notified opposing counsel in writing that I intended to file this Motion and inquired whether they consented to the relief sought herein, but Plaintiffs' counsel have not responded in any way to my communication.

Dated:  February 18, 2015.

**/s/ Dean R. Fuchs**
Dean R. Fuchs

**Certificate of Service**

**I hereby certify** that a true and correct copy of the foregoing was served by VIA CM/ECF on this 18th day of February, 2015 on all counsel of record on the Service List below.

**/s/ Dean R. Fuchs**
Dean R. Fuchs

**SERVICE LIST**

Joshua M. Entin, Esq.
Entin & Della Fera, P.A.
110 S.E. 6th Street, Suite 1970
Ft. Lauderdale, Florida 33301
Tel:  (954) 761-7201
Fax:  (954) 764-2443
josh@entinlaw.com

Michael Akemon Esq.
The Richards Law Group
P.O. Box 360295
Decatur, GA 30034
Tel: 404-289-6816
Fax: 404-795-0727
mutepe.akemon@richardslegal.com

Jameson B. Carroll Esq.
Michael Weiss Esq.
Carroll & Weiss, LLP
1819 Peachtree Road, Suite 104
Atlanta, Georgia 30309
Tel: (404) 228-5337
Fax: (404) 228-5564
jcarroll@carrollweiss.com
mweiss@carrollweiss.com