UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 14-21896-CIV-ALTONAGA/O'Sullivan

**VERNITTA GETER**, *et al.*,

    Plaintiffs,
vs.

**GALARDI SOUTH ENTERPRISES, INC.**, *et al.*,

    Defendants.
_____/

## ORDER

**THIS CAUSE** came before the Court upon Defendant, Fly Low, Inc.'s ("Fly Low['s]") Motion to Exclude Plaintiffs' Expert Witness . . . ("Motion") [ECF No. 242], filed April 20, 2015. Plaintiffs filed a Response . . . ("Response") [ECF No. 252] on May 4, 2015. The Court has carefully considered the parties' written submissions and applicable law and determines no further written briefing is required.

This matter arises out of a dispute over allegedly unpaid wages owed to Plaintiffs, who worked as adult entertainers in the King of Diamonds club. (*See* Am. Countercl. ¶¶ 10, 17; Complaint [ECF No. 1]). Plaintiffs seek compensation pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. section 201 *et seq.* (*See generally* Compl.). At issue are Fly Low's *Daubert*[1] challenges to Plaintiffs' expert, Ronald S. Friedman ("Friedman"), regarding his report offering an estimate of damages owed to Plaintiffs and his opinion as to whether Plaintiffs were employees or independent contractors. (*See* Mot. 1–2). Fly Low seeks to exclude Friedman's

---

[1] *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993).

opinions, contained in part in his original and amended expert reports . . . (the "Friedman Reports") ([ECF Nos. 242-1, 242-2]).

## I.  LEGAL STANDARD

Federal Rule of Evidence 702, which governs expert testimony, states as follows:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

FED. R. EVID. 702.  Rule 702 requires district courts ensure "that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Daubert*, 509 U.S. at 597.  This "'gatekeeping'" function must be performed with regard to the admissibility of both expert scientific evidence and expert technical evidence. *United States v. Frazier*, 387 F.3d 1244, 1260 (11th Cir. 2004) (citing *Daubert*, 509 U.S. at 589 n.7, 597; *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 147 (1999)). "This function inherently requires the trial court to conduct an exacting analysis of the foundations of expert opinions to ensure they meet the standards for admissibility under Rule 702." *Id*. (emphasis, alterations, citation, and internal quotation marks omitted).

In determining the admissibility of expert testimony, the Court must conduct a three-part inquiry about whether:

> (1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in *Daubert*;

and (3) the testimony assists the trier of fact, through the applications of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue.

*Hendrix ex rel. G.P. v. Evenflo Co., Inc.*, 609 F.3d 1183, 1194 (11th Cir. 2010) (citation omitted). The burden is on the proponent of the expert testimony to show, by a preponderance of the evidence, that the testimony satisfies each prong. *See id.* (citation omitted). In this case, only the third prong — whether the testimony assists the trier of fact — is in dispute. (*See generally* Mot.).

Whether testimony assists the trier of fact "goes primarily to relevance. Expert testimony which does not relate to any issue in the case is not relevant and, ergo, non-helpful." *Daubert*, 509 U.S. at 591 (citations and internal quotation marks omitted). "By this requirement, expert testimony is admissible if it concerns matters that are beyond the understanding of the average lay person." *Frazier*, 387 F.3d at 1262 (citation omitted). "Proffered expert testimony generally will not help the trier of fact when it offers nothing more than what lawyers for the parties can argue in closing arguments." *Id.* at 1262–63 (citation omitted). "Expert testimony is properly excluded when it is not needed to clarify facts and issues of common understanding which jurors are able to comprehend for themselves." *Whelan v. Royal Caribbean Cruises Ltd.*, 976 F. Supp. 2d 1328, 1332 (S.D. Fla. 2013) (citation and internal quotation marks omitted).

A "pure question of law . . . is not a matter subject to expert testimony." *Myers v. Bowman*, 713 F.3d 1319, 1328 (11th Cir. 2013) (alteration added; internal quotation marks and citations omitted). An expert witness "may not testify to the legal implications of conduct; the court must be the jury's only source of law." *Montgomery v. Aetna Cas. & Sur. Co.*, 898 F.2d 1537, 1541 (11th Cir. 1990) (citations omitted) (holding district court abused its discretion by allowing expert to testify to legal conclusion that defendant had duty to hire tax counsel).

## II.  ANALYSIS

Friedman is a certified public accountant ("CPA") with experience in audits, reviews, and taxation.  (*See* Resp. 4).  Fly Low seeks to exclude Friedman's testimony on the ground testimony about the amount allegedly owed to Plaintiffs constitutes "basic arithmetic wholly within the province of the jury" and is thus not helpful to the trier of fact.  (Mot. 5).  "Friedman admits that the arithmetic . . . used to arrive at the final amounts owed did not require the application of any scientific, technical, or other specialized expertise."  (*Id.* 7 (alteration added; citation omitted).  Fly Low also argues Friedman's purported testimony on the classification of Plaintiffs as employees and not independent contractors, is "a legal opinion [] and is therefore [] impermissible."  (*Id.* 8 (alterations added)).

Plaintiffs dispute these characterizations, noting Friedman is experienced in analyzing monetary damages (*see* Resp. 4–6), and his testimony will assist the trier of fact because his sources "are not the sort of facts that most jurors are capable of understanding without the assistance of an expert."  (*Id.* 7 (citations omitted)).  They also contend Fly Low "previously recognized the complexities associated with this exact determination" involved in calculating all of the Plaintiffs' damages.  (*Id.* 9 (citation omitted)).  As for the testimony concerning Plaintiffs' independent contractor status, Plaintiffs argue "Friedman's opinions related to [the] classification of Plaintiffs are based on his decades of practical experience in the area of accounting."  (*Id.* 11 (alteration added)).  Plaintiffs contend Friedman's opinion about their independent contractor status is appropriate because the term "independent contractor" has a meaning under tax rules and regulations with which Friedman has extensive experience.  (*See id.* 12).  "Plaintiffs agree, however, that [] Friedman cannot make any legal conclusions as to whether [Fly Low's] conduct was unlawful or fraudulent or whether it breached a legal duty."  (*Id.* (alterations added)).

### A. Damages Calculations

Fly Low says Friedman's damages calculations will not assist the trier of fact because his testimony concerns "facts or issues of common understanding[,] which jurors are able to comprehend for themselves." (Mot. 5 (alteration added; citation omitted)).[2] Fly Low cites Friedman's testimony he does not believe the calculations he performed required the application of any scientific, technical, or other specialized expertise. (*See id.* 7 (citation omitted)). Asked whether he believed his conclusions or opinions "with respect to the entitlement for each claimant that's contained in your report concerns matters beyond the understanding of the average layperson," Friedman said, "No." (Deposition of Ronald S. Friedman ("Friedman Deposition") 55:16–21 [ECF No. 242-3]). Plaintiffs do not challenge these excerpts from the Friedman Deposition (*see generally* Resp.), although they do take issue with Fly Low's contention Friedman merely performed "basic arithmetic," as Friedman disputed that characterization at his deposition. (*Id.* 8 (citations omitted)).

While the Court found a judicial opinion permitting CPA testimony in an FLSA case (the parties failed to include citations to any such authorities in their filings), the decision does not assist in resolving the question the Motion presents. In *Kaiser v. At The Beach, Inc.*, the court found a CPA's testimony was reliable in an FLSA case and portions of it would assist the trier of fact. *See* No. 08-CV-586-TCK-FHM, 2011 WL 6826577, *20 (N.D. Okla. Dec. 28, 2011). However, the *Kaiser* expert computed various scenarios with different factual estimates of hours worked, *see id.* at *8, and the court noted these different calculations helped in understanding the defendant's damages theory as applied to the facts, *see id.* at *20. No such differing sets of calculations are identified in the Friedman Reports. (*See generally* Resp.).

---

[2] The Motion makes reference to certain methodologies Friedman used that may impact the reliability of his conclusions, but Fly Low does not seek to disqualify Friedman on the basis of these potential errors. (*See* Mot. 5–8).

In at least one other FLSA case, a court has permitted expert testimony on damages, although the opinion does not mention whether the expert is a CPA. *See Little v. Technical Specialty Products, LLC*, 940 F. Supp. 2d 460, 466–68 (E.D. Tex. 2013). The court did not analyze whether the expert's testimony assisted the trier of fact, instead focusing on the testimony's reliability. *See id.* at 468–69. Accordingly, *Little* is not persuasive in the Court's present analysis.

As noted, Friedman admitted the calculations he performed after reviewing the source data did not require the application of any scientific, technical, or other specialized expertise. (*See* Mot. 7 (citation omitted)). Indeed, the calculations are of the type that even most teenagers readily understand: an hourly wage, an overtime rate, the number of hours worked, and fees Plaintiffs were required to pay to perform. (*See* Resp. 8 (citations omitted)). This testimony concerns topics the average lay person can comprehend, as Friedman himself admitted. (*See* Friedman Deposition 55:16–21). It is certainly not the case "[a]lthough the information could be presented factually to a jury without an expert witness, there is no meaningful way for a jury to interpret its significance absent [Friedman's] testimony." (Resp. 9 (alterations added)). As such, Friedman's testimony on this subject will not assist the trier of fact and is thus properly excludable pursuant to *Daubert* and Federal Rule of Evidence 702. *See Whelan*, 976 F. Supp. 2d at 1332 (citation omitted).[3]

Nevertheless, even if Friedman is not qualified to testify as an expert pursuant to Federal Rule of Evidence 702, the Rules permit a lay witness to testify in the form of an opinion if it is "rationally based on the witness's perception . . . [and] helpful to clearly understanding the

---

[3] While Plaintiffs attempt to avoid Rule 702's plain language, which requires expert testimony to apply scientific, technical, or other specialized expertise, their only authority is an Eleventh Circuit case decided before *Daubert*, which the Court finds unpersuasive. (*See* Resp. 9 (quoting *United States v. Burchfield*, 719 F.2d 356, 357 (11th Cir. 1983))).

6

witness's testimony or to determining a fact in issue . . . ." FED. R. EVID. 701 (alterations added). The Motion and Response indicate Friedman's testimony on damages is rationally based on his perception of the applicable wage rates, hours worked, and fees paid to perform. (*See generally* Mot., Resp.). Furthermore, his testimony will be helpful to determining a fact in issue — the amount owed to Plaintiffs if they are entitled to back or overtime wages. Accordingly, while Friedman may not testify as an expert, he may testify as a lay witness as to his mathematical computations of damages.

### B. Independent Contractor Status

A key issue in Plaintiffs' claims is whether Plaintiffs are employees or independent contractors pursuant to the FLSA. "To determine whether an individual falls into the category of covered 'employee' or exempted 'independent contractor,' courts look to the 'economic reality' of the relationship between the alleged employee and alleged employer and whether that relationship demonstrates dependence." *Scantland v. Jeffry Knight, Inc.*, 721 F.3d 1308, 1311 (11th Cir. 2013) (citations omitted). "The economic realities test is employed in FLSA cases to determine whether an individual is an employee versus an independent contractor for purposes of the Act. An employee is an individual who as a matter of economic reality is dependent upon the business to which he renders service." *Aidone v. Nationwide Auto Guard, LLC*, 985 F. Supp. 2d 1346, 1348 n.1 (S.D. Fla. 2013) (brackets, citation, and internal quotation marks omitted). In making this determination, courts consider the following "economic realities" factors:

> (1) the nature and degree of the alleged employer's control as to the manner in which the work is to be performed;
> (2) the alleged employee's opportunity for profit or loss depending upon his managerial skill;
> (3) the alleged employee's investment in equipment or materials required for his task, or his employment of workers;
> (4) whether the service rendered requires a special skill;
> (5) the degree of permanency and duration of the working relationship; [and]

> (6) the extent to which the service rendered is an integral part of the alleged employer's business.

*Altman v. Sterling Caterers, Inc.*, 879 F. Supp. 2d 1375, 1380 (S.D. Fla. 2012) (alteration added; citations omitted).

Plaintiffs make no argument concerning the relevance of Friedman's testimony to any of these six factors. (*See generally* Resp.). In fact, they do not even cite the relevant standard. (*See generally id.*). Plaintiffs say Friedman, "throughout the course of his career," "has regularly analyzed issues relating to worker classification." (*Id*. 11 (citation omitted)). Yet this experience appears to have been limited to determining whether an individual is an independent contractor based on Internal Revenue Service guidelines. (*See* Friedman Deposition 72:16–73:13). Regardless, the Response does not offer anything showing Friedman used specialized expertise to determine whether Plaintiffs met any of the FLSA factors concerning independent contractor status. (*See generally* Resp.). Plaintiffs thus do not meet their burden to show Friedman's testimony is admissible.

Furthermore, whether Plaintiffs are independent contractors is a question of law and is not the proper subject of expert opinion. *See Bagwell v. Florida Broadband, LLC*, No. 04-60655-CIV, 2005 WL 6163778, *1 (S.D. Fla. Mar. 24, 2005) ("Rivero's proposed testimony regarding the ultimate conclusion of whether plaintiff was an administrative and/or executive employee who was exempt from FLSA provisions would constitute testimony regarding a question of law." (citations omitted)). As such, Friedman's testimony regarding independent contractor status is inadmissible.[4]

---

[4] Plaintiffs contend even if Friedman's testimony embraces an "ultimate issue," it is not objectionable pursuant to Federal Rule of Evidence 704. (Resp. 10 (citation and internal quotation marks omitted)). But "expert opinion that does not assist the trier of fact under Rule 702 is not 'otherwise admissible,' and so Rule 704 does not apply." *Dubiel v. Columbia Hosp. (Palm Beaches) Ltd. P'ship*, No. 04-80283-CIV, 2005 WL 5955691, *5 (S.D. Fla. Jan. 11, 2005) (citation omitted).

Plaintiffs also contend "experts frequently testify on a broad array of topics in FLSA cases in this district." (Resp. 12). This observation, and the random assortment of cases provided in support — including two without citations to any published or unpublished opinion (*see id.*) — are irrelevant to whether Friedman's testimony itself is admissible. That experts may testify in some FLSA cases is a given; whether Friedman's specific testimony is admissible is left unanswered by Plaintiffs' cited authorities. (*See id.* (collecting cases)).

### III. CONCLUSION

For the foregoing reasons, it is

**ORDERED AND ADJUDGED** that the Motion **[ECF No. 242]** is **GRANTED in part**. Friedman may not testify as an expert but may testify as a lay witness as to his mathematical computations of damages.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 7th day of May, 2015.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record