**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

**CASE NO: 1:14-cv-21896-ALTONAGA/O'SULLIVAN**

| | | |
|---|---|---|
| Vernitta Geter, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| Galardi South Enterprises, Inc., et al., | ) | **COLLECTIVE ACTION** |
| | ) | |
| Defendants. | ) | |
| | ) | |

**SETTLEMENT AGREEMENT & GENERAL RELEASE**

THIS SETTLEMENT AGREEMENT ("Agreement") is made this 15th day of July, 2015, by and between Plaintiffs VERNITTA GETER, LEANNE AMOS, MAGALIE LATORTUE, MONIQUE BLAND, SHALAHA HARDMAN, BRIGITTE MEDINA, STEPHANIE MEDINA, VICTORIA BALLARD, ROCHELLE JOHNSON, TIFFANY LAWSON, EBONI WILLIS, KENISHA MYRCE, QUATRECE SMITH, QSHANA WINDON, JENAY LONG, CRISDEION LOZON, SIDNEI DAVIS, QUINN HANNA, GAYNELL CURLEY, LAMANTIA WILLIAMS, JORDANNE GIBSON and JASEMINE COLE ("Plaintiffs"), and Defendants GALARDI SOUTH ENTERPRISES, INC. ("GSE"), GALARDI SOUTH ENTERPRISES CONSULTING, INC. ("GSEC") and FLY LOW, INC. ("Fly Low") (collectively, "Defendants"). The aforementioned Plaintiffs and Defendants will be collectively referred to in this agreement as the "Parties."

**Section I – General Recitals & Representations**

**1.1** Plaintiffs have filed a lawsuit against the Defendants alleging claims for alleged violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et. seq*. ("FLSA"). *See* Geter, *et al* v Galardi South Enterprises, Inc., *et al.*, Case No. 1:14-cv-21896-CMA. Defendants have also filed counterclaims in the lawsuit.

**1.2** Defendants deny any and all allegations of wrongdoing, liability or fault. To compromise, settle and resolve their differences without admitting the validity of or any liability for the claims asserted by Plaintiffs against Defendants, the parties have elected to voluntarily enter into this Agreement. Plaintiffs agree that neither this Agreement nor the furnishing of any consideration under this Agreement shall be construed or interpreted as an admission of any wrongdoing, unlawful conduct, fault or liability by Defendants. The Parties further acknowledge and agree that this Agreement shall not be used to suggest an admission of liability in any dispute the Parties may have now or in the future with respect to any person or entity. Neither this Agreement nor anything herein, nor any part of the negotiations had in connection herewith, shall

1

constitute evidence with respect to any issue or dispute, and therefore shall not be admissible for any purpose in any other proceeding, except to enforce this Agreement.

   **1.3**  The Parties do hereby agree to do all things necessary and appropriate to obtain approval of this Agreement in consideration for: (a) payment by Fly Low of the consideration expressed herein subject to the terms, conditions, and limitations of this Agreement; (b) the release and dismissal with prejudice of all claims asserted by the Parties; (c) the mutual releases and dismissals with prejudice of all claims asserted by (or which could have been asserted by) the Parties, including without limitation of alleged failure to pay compensation for work performed by the Plaintiffs during the time period covering plaintiffs' claims; and (d) other valuable monetary and non-monetary consideration as set forth herein.

   **1.4**  **Disclosure as to Adequacy and Fairness of Settlement:** Prior to reaching this Agreement, counsel for the Parties calculated each Plaintiff's alleged damages for back wages and liquidated damages based upon relevant available information, as well as information and discovery exchanged between the Parties, and based on the Parties' informed estimates and knowledge of the matters at hand.  The Parties and their respective counsel believe that this Agreement constitutes a fair and reasonable compromise of disputed claims and enter into this Agreement voluntarily and knowingly after analyzing the risks of continued litigation and their likelihood of success on the merits and negotiating its material terms at arms-length between counsel for the Parties.  The payments to Plaintiffs as set forth in this Agreement constitute valid consideration for their return promises, releases, and obligations provided in this Agreement.  Plaintiffs acknowledge that, with the payments stated in this Agreement, they have been fully compensated by Defendants for all unpaid wages, including unpaid overtime wages, fees, tips, liquidated damages, attorney's fees and any other damages allegedly owed by Defendants, and that no other form of compensation or other damage of any kind is owed to them by Defendants.  Plaintiffs further acknowledge that they are receiving adequate consideration for their full release of claims in this Agreement and that such consideration, but for this Agreement, would not otherwise be owed to them.   In reaching this Agreement, Plaintiffs acknowledge and appreciate the expense and length of continued proceedings necessary to prosecute this matter through trial and appeals, have taken into account the uncertain outcome and risk of continued litigation, as well as the difficulties, delays, and risks of collection inherent in such litigation.  The Parties believe that this Agreement confers substantial benefits upon the Plaintiffs.

   **1.5**  **Resolution of Attorneys' Fees:** The resolution of the amount of attorneys' fees payable to Plaintiffs' counsel under this Agreement was negotiated at arm's length by the Parties after agreement had been reached on the amounts payable to the Plaintiffs under this Agreement, and the Parties to this Agreement believe and represent that the attorneys' fees payable under this Agreement are fair and reasonable.

   **1.6**  **Non-Disclosure to Media:** Neither the Plaintiffs, nor their Counsel, shall distribute any press release, make any statements to the press, or hold any press conference concerning this Agreement or its terms.  In the event that the news media contacts Plaintiffs, or their Counsel, they agree not to discuss or comment on the terms of the settlement other than to state that "this matter has been resolved" or words to that effect.

**1.7** **Non-Disclosure to Third-Parties:** At no time may the Plaintiffs, or their Counsel, disclose or reveal the terms of this Agreement to any non-party to the case, including to any employee, former employee, independent contractor or former independent contractor of Defendant, except as required by law. The Parties agree that Plaintiffs may only disclose the terms of this Agreement to their tax preparers/accountants, as needed. Plaintiffs and Plaintiffs' Counsel agree that they shall not: (1) disclose the terms of this Agreement to attorneys other than their attorneys of record in this Litigation; (2) use the settlement terms of this Agreement in any marketing, seminar, or training materials or other efforts to obtain business; (3) or place anything on any website(s), promotional materials, and/or resumes regarding the terms of this Agreement. Plaintiffs agree that a proven breach of the above-referenced non-disclosure provisions of this Agreement constitutes irreparable harm to Defendants. Plaintiffs further agree that any costs incurred, including but not limited to attorneys' fees and expenses, by Defendant enforcing this provision shall be paid by the breaching Plaintiff(s).

**1.8** **No Re-Application/Re-Hire/Re-Employment:** The Parties agree that those Plaintiffs who have not performed at King of Diamonds since July 17, 2014 are deemed by the Parties to have abandoned their positions as dancers/performers there.

**1.9** In consideration of these General Recitals & Representations (which are incorporated herein) and the terms, conditions, promises, covenants, releases and waivers contained in this Agreement, the parties, intending to be legally bound, agree as follows:

### Section II – Release & Payment

**2.1** **Mutual Full and General Waiver of All Claims.** Plaintiffs knowingly and voluntarily do hereby release and waive any and all claims and actions against Defendants, or any of Defendants' employees, agents or representatives, including without limitation, Teri Galardi, the JEG Family Trust, Dennis Williams, Akinyele Adams, Rick Taylor, Terry Elliot, John Steve Ennis, and Robert Hilton, arising under the Fair Labor Standards Act ("FLSA"), as amended, and The Florida Minimum Wage Act (§448.110 and §24, Article X of the Florida Constitution), including any and all claims for unpaid wages, minimum and overtime wages. However, this Agreement does not waive rights or claims that may arise after the date the waiver is executed. Notwithstanding the above, Plaintiffs acknowledge that they are not releasing any claim that relates to any rights they might have to file a claim for unemployment compensation or workers' compensation benefits or to vested benefits under any Employee Retirement Plan sponsored by any Defendants; any rights or claims that may arise after this Agreement is signed; any rights or claims that by law cannot be released in this Agreement; or any rights or claims to enforce this Agreement.

Similarly, Defendants knowingly and voluntarily do hereby fully and generally release and waive any and all claims and actions against Plaintiffs arising out of Plaintiffs' employment or relationship with Defendants, that Defendants may now have against Plaintiffs regardless of whether the claims are known or unknown, accrued or un-accrued, or discovered or not yet discovered, including but not limited to any and all causes of action which were brought, or could have been brought, as counterclaims in this Action. This full and general release and waiver includes, but is not limited to, all events, actions, and inactions of Plaintiffs' or any of Plaintiffs'

agents or representatives.  This Agreement bars any claim or demand for loss or damages of any kind, including costs, attorneys' fees or other expenses.  However, this Agreement does not waive rights or claims that may arise after the date the waiver is executed.

**2.2** **Dismissal of Claims / Court Approval.**  The Parties shall submit this proposed Settlement Agreement to the Court for approval in order to have the releases made effective and the civil action, including all claims and counterclaims brought by the Parties, dismissed against all Parties with prejudice.

**2.3** **Effect of Non-Approval.**  In the event that this Agreement does not obtain approval of the Court for any reason, all matters covered by this Agreement shall be null and void.  In such event, nothing in this Agreement shall be used or construed by or against any party as a determination, admission, or concession of any issue of law or fact in the litigation; and the Parties do not waive, and instead expressly reserve, their respective rights with respect to the prosecution and defense of the litigation as if this Agreement never existed.

**2.4** **Dismissal of Defendants.** Plaintiff shall stipulate to the voluntary dismissal with prejudice of all Defendants within five (5) days of the final settlement payment due under this Agreement.

**2.5** **Payment of Consideration by Defendants**.  In exchange for: (1) Plaintiffs' release and waiver of any and all claims (including those for attorneys' fees and costs) against Defendant Fly Low; and (2) all other promises Plaintiffs have made herein, Defendant Fly Low agrees to pay the collective total gross settlement value of THREE HUNDRED SEVENTY FIVE THOUSAND DOLLARS ($375,000.00) (the "Gross Settlement"), as follows:

    **2.5.1**   Plaintiff, VERNITTA GETER, shall receive FIVE THOUSAND FIVE HUNDRED SIXTY-FOUR DOLLARS AND SEVENTY-SEVEN CENTS ($5,564.77).  Half of that shall be considered wages and half of that shall be considered liquidated damages;

    **2.5.2**   Plaintiff, LEANNE AMOS, shall receive FOURTEEN THOUSAND SIX HUNDRED NINETY-ONE DOLLARS AND FIVE CENTS ($14,691.05).  Half of that shall be considered wages and half of that shall be considered liquidated damages;

    **2.5.3**   Plaintiff, MAGALIE LATORTUE, shall receive NINE THOUSAND NINE HUNDRED THIRTY TWO DOLLARS AND TWELVE CENTS ($9,932.12).  Half of that shall be considered wages and half of that shall be considered liquidated damages;

    **2.5.4**   Plaintiff, MONIQUE BLAND, shall receive THIRTEEN THOUSAND NINE HUNDRED THIRTY-FOUR DOLLARS AND FIFTY-FOUR CENTS ($13,934.54).  Half of that shall be considered wages and half of that shall be considered liquidated damages;

4

**2.5.5**   Plaintiff, SHALAHA HARDEMAN, shall receive SIX HUNDRED THREE DOLLARS AND THIRTY-NINE CENTS ($603.39).  Half of that shall be considered wages and half of that shall be considered liquidated damages;

**2.5.6**   Plaintiff, BRIGETTE MEDINA, shall receive SEVEN THOUSAND ONE HUNDRED TWELVE DOLLARS AND SIXTY-SIX CENTS ($7,112.66).  Half of that shall be considered wages and half of that shall be considered liquidated damages;

**2.5.7**   Plaintiff, STEPHANIE MEDINA, shall receive TWELVE THOUSAND ONE HUNDRED EIGHTY-EIGHT DOLLARS AND FIFTY-SIX CENTS ($12,188.56).  Half of that shall be considered wages and half of that shall be considered liquidated damages;

**2.5.8**   Plaintiff, VICTORIA BALLARD, shall receive TWELVE THOUSAND ONE HUNDRED EIGHTY-EIGHT DOLLARS AND FIFTY-SIX CENTS ($12,188.56).  Half of that shall be considered wages and half of that shall be considered liquidated damages;

**2.5.9**   Plaintiff, ROCHELLE JOHNSON, shall receive NINE THOUSAND SIXTY-NINE DOLLARS AND FORTY-SEVEN CENTS ($9,069.47).  Half of that shall be considered wages and half of that shall be considered liquidated damages;

**2.5.10** Plaintiff, TIFFANY LAWSON, shall receive TWELVE THOUSAND THREE HUNDRED TWENTY-SIX DOLLARS AND TWENTY-EIGHT CENTS ($12,326.28).  Half of that shall be considered wages and half of that shall be considered liquidated damages;

**2.5.11** Plaintiff, EBONI WILLIS, shall receive FIFTEEN THOUSAND NINE HUNDRED TWENTY-NINE DOLLARS AND SIXTY CENTS ($15,929.60).  Half of that shall be considered wages and half of that shall be considered liquidated damages;

**2.5.12** Plaintiff, KENISHA MYREE, shall receive FOUR THOUSAND SEVEN HUNDRED SIX DOLLARS AND FORTY-SEVEN CENTS ($4,706.47).  Half of that shall be considered wages and half of that shall be considered liquidated damages;

**2.5.13** Plaintiff, QUATRECE SMITH, shall receive SIX THOUSAND ONE HUNDRED NINETY-FIVE DOLLARS AND SEVENTY-EIGHT CENTS ($6,195.78).  Half of that shall be considered wages and half of that shall be considered liquidated damages;

**2.5.14** Plaintiff, QSHANA WINDON, shall receive NINE THOUSAND EIGHT HUNDRED NINETY-FIVE DOLLARS AND SIXTY-SIX CENTS ($9,895.66).

Half of that shall be considered wages and half of that shall be considered liquidated damages;

**2.5.15** Plaintiff, JENAY LONG, shall receive ELEVEN THOUSAND THREE HUNDRED SIXTEEN DOLLARS AND THIRTY-ONE CENTS ($11,316.31). Half of that shall be considered wages and half of that shall be considered liquidated damages;

**2.5.16** Plaintiff, CRISDEION LOZON, shall receive FORTY-THREE DOLLARS AND TWENTY-SEVEN CENTS ($43.27). Half of that shall be considered wages and half of that shall be considered liquidated damages;

**2.5.17** Plaintiff, SIDNEI DAVIS, shall receive ONE HUNDRED FIVE DOLLARS AND FIFTY-SEVEN CENTS ($105.57). Half of that shall be considered wages and half of that shall be considered liquidated damages;

**2.5.18** Plaintiff, QUINN HANNA, shall receive ONE HUNDRED EIGHT DOLLARS AND NINETY CENTS ($108.90). Half of that shall be considered wages and half of that shall be considered liquidated damages;

**2.5.19** Plaintiff, GAYNELL CURLEY, shall receive TWO THOUSAND THREE DOLLARS AND THIRTY-ONE CENTS ($2,003.31). Half of that shall be considered wages and half of that shall be considered liquidated damages;

**2.5.20** Plaintiff, LAMANTIA WILLIAMS, shall receive ONE THOUSAND NINE HUNDRED FIFTY-SIX DOLLARS AND FIFTY-SIX_ ($1,956.56). Half of that shall be considered wages and half of that shall be considered liquidated damages;

**2.5.21** Plaintiff, JORDANNE GIBSON, shall receive ELEVEN THOUSAND SEVEN HUNDRED SIXTY-EIGHT DOLLARS AND SIXTY-FOUR CENTS ($11,768.64). Half of that shall be considered wages and half of that shall be considered liquidated damages;

**2.5.22** Plaintiff, JASEMINE COLE, shall receive SEVENTEEN THOUSAND SEVEN HUNDRED SEVENTY-THREE DOLLARS AND FIFTEEN CENTS ($17,773.15). Half of that shall be considered wages and half of that shall be considered liquidated damages, and;

**2.5.23** Plaintiffs' counsel, Carroll & Weiss, LLP, The Richards Law Group, LLC, and Entin & Della Fera, P.A., shall receive from the gross settlement ONE HUNDRED THIRTY THOUSAND DOLLARS ($150,000.00) for attorneys' fees (the "Fees") and FORTY-FIVE THOUSAND, FIVE HUNDRED AND SEVENTY-FIVE DOLLARS AND NINETEEN CENTS ($45,575.19) for costs. Specifically and as agreed, Carroll & Weiss, LLP shall receive 40% of the Fees, The Richards Law Group, LLC shall receive 40% of the Fees, and Entin & Della Fera, P.A. shall receive 20% of the Fees.

Plaintiffs shall be responsible for their tax obligations, if any. The settlement value, which resolves all of Plaintiffs' claims, including for attorneys' fees, shall be paid as follows:

**2.5.24** Defendant Fly Low shall make a payment of FIFTY THOUSAND DOLLARS ($50,000.00) within ten (10) business days after the later of: (1) the entry of an order by the Court approving this Settlement Agreement; or (2) the date on which the last Plaintiff executes the Agreement.  Defendant Fly Low shall also make payments in the amount of FIFTEEN THOUSAND DOLLARS ($15,000.00) every thirty days thereafter until the full amount of the settlement agreement is paid in full.  All payments shall be made payable to Carroll & Weiss, LLP Attorney Trust Account, and sent to Carroll & Weiss, LLP, 1819 Peachtree Road, Suite 104, Atlanta, GA 30309.  A Form 1099 shall be issued by Fly Low to each of Plaintiffs' Counsel, whose federal tax I.D. numbers will be supplied by Plaintiffs' counsel to Defendants, for the above-referenced payment to each of Plaintiffs' Counsel.  Fly Low shall also issue a Form 1099 indicating income in Box 3 to each of the Plaintiffs for the remaining payments made pursuant to this Agreement.   Prior to the delivery of any settlement proceeds, Plaintiffs, and Plaintiffs' Counsel, all agree to complete and return to Defendant's Counsel an IRS Form W-9.

**2.6** **Default Remedies.**  In the event Defendant shall fail to make any payment when due, and fail to cure the deficiency within 15 days of Defendants' counsel receiving written notice of the deficiency by Certified Mail, Plaintiffs may proceed with taking a Final Judgment against Defendant Fly Low for the following amount (plus 12% post-judgment interest and collection costs): $375,000.00, reduced by any payments made under this Settlement Agreement.

**2.7** **Consideration is Adequate, Ample and All Inclusive:**  Plaintiffs specifically agree that the sums paid to them under this Agreement constitute adequate and ample consideration for the rights and claims that they are releasing and waiving under this Agreement, and for the other obligations imposed upon them by this Agreement.

### Section III – General Provisions

**4.1** **Encouragement to Consult Attorney and Time to Consider Agreement**.  The Parties acknowledge that they were encouraged to consult an attorney before signing this Agreement.  The Parties acknowledge that they have consulted an attorney before signing this Agreement.  The Parties also acknowledge that they were given a reasonable period of time within which to review and consider this Agreement before signing it, and that they understand each term of the Agreement and their obligations hereunder.

**4.2** **Effective Date.**  This Agreement shall not become effective and enforceable against the Parties until all Plaintiffs execute the Agreement.  Provided, however, that in the event that one but no more than five Plaintiffs do not execute this Agreement by September 1, 2015, then this Agreement shall become effective as of September 1, 2015 against all Parties who have executed the Agreement, provided the amounts allocated to those Plaintiffs who do not execute this Agreement are refunded to Defendants' counsel, payable to Fly Low, Inc.  In the event that six (6) or more of the Plaintiffs fail or refuse to execute the Agreement, for any reason, Defendants,

in their sole discretion, shall have the right to declare all matters covered by this Agreement null and void. In the event Defendants elect to declare this Agreement null and void, they shall notify Plaintiffs' counsel of such election by October 1, 2015. In the event the Agreement is declared null and void, nothing in this Agreement shall be used or construed by or against any Party as a determination, admission, or concession of any issue of law or fact in the litigation; and the Parties do not waive, and instead expressly reserve, their respective rights with respect to the prosecution and defense of the litigation as if this Agreement never existed.

**4.3  Amendment.**  This Agreement may not be amended except by written agreement signed by Defendants and Plaintiffs, and only in the event such modification(s) are approved by the Court.

**4.4  Headings.**  The headings and other captions in this Agreement are for convenience and reference only and shall not be used in interpreting, construing or enforcing any of the provisions of this Agreement or to define or limit the scope of any paragraph of this Agreement.

**4.5  Governing Law, Severability, Interpretation and Construction**.  This Agreement shall be governed and construed in accordance with the laws of the State of Georgia. The paragraphs and provisions of this Agreement are severable; if any paragraph or provision is found to be unenforceable, the remaining paragraphs and provisions will remain in full effect. If any provision of this Agreement is declared illegal or unenforceable by an arbitrator or court of competent jurisdiction, and if it cannot be modified to be enforceable, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect. The parties hereto acknowledge that this Agreement is a collaborative effort by the attorneys for the parties and that, as such, no provision of this Agreement shall be more strictly construed against one party as the draftsperson thereof.

**4.6  Litigation of Disputes.**  In the event of a dispute as to the interpretation, enforcement, application or violation of this Agreement, it is understood and agreed that the instant Court shall retain jurisdiction to resolve such dispute. In addition, the Parties specifically agree that the Court retain the right to award attorney's fees in this action and the enforcement of this agreement. Lastly, the execution of this Agreement and the dismissal of this case is specifically conditioned upon the Court approving this Agreement and retaining jurisdiction to enforce the terms of this Agreement.

### Section V – Representations & Warranties

**5.1  Capacity of the Parties.**  The parties represent to each other that they have the full power, capacity, and authority to enter into this Agreement. The Parties also represent and warrant that no portion of any claim, right, demand, action, or cause of action that the parties have or might have had arising out of the acts, events, transactions, and occurrences referred to herein have been assigned, transferred, or conveyed to any person not a party to this Agreement, by way of subrogation, operation of law, or otherwise, and that no releases or settlement agreements are necessary or need to be obtained from any other person or entity to release and discharge completely any of the parties' claims released in this Agreement.

**5.2    Entire Agreement.**  This Agreement sets forth the entire agreement between Plaintiffs and Defendants and shall supersede any and all prior agreements, representations, or understandings, whether written or oral, between the parties, except as otherwise specified in this Agreement.

**5.3    Recitals Incorporated.**  All of the recitals and representations described above or referred to in this Agreement are herein incorporated by reference and specifically made a part of this Agreement, and the same are acknowledged as having been relied upon by the parties.

**5.4    Attorney's Fees.**  In any litigation arising out of this Agreement, the prevailing party in such litigation shall be entitled to recover reasonable attorney's fees and costs at both the trial and appellate levels.  Any rights of injunctive relief shall be in addition to and not in derogation or limitation of any other legal rights available to Plaintiffs.

**5.5    Counterpart.**  The agreement may be signed in counterpart.

| | |
|---|---|
| **VERNITTA GETER** <br><br> By:_____ <br> Dated:_____ <br><br><br> **LEANNE AMOS** <br><br> By:_____ <br> Dated:_____ <br><br><br> **MAGALIE LATORTUE** <br><br> By:_____ <br> Dated:_____ <br><br><br><br> **MONIQUE BLAND** <br><br> By:_____ <br> Dated:_____ <br><br> **SHALAHA HARDMAN** <br><br> By:_____ <br> Dated:_____ <br><br> **BRIGITTE MEDINA** | **GALARDI SOUTH ENTERPRISES, INC.** <br><br> By:_____ <br> Name: _____ <br> Title: _____ <br> Dated:_____ <br><br><br> **GALARDI SOUTH ENTERPRISES CONSULTING, INC.** <br><br> By:_____ <br> Name: _____ <br> Title: _____ <br> Dated:_____ <br><br><br><br><br> **FLY LOW, INC. F/D/B/A KING OF DIAMONDS** <br><br> By:_____ <br> Name: _____ <br> Title: _____ <br> Dated:_____ |

By:_____
Dated:_____

**STEPHANIE MEDINA**

By:_____
Dated:_____

**VICTORIA BALLARD**

By:_____
Dated:_____

**ROCHELLE JOHNSON**

By:_____
Dated:_____

**TIFFANY LAWSON**

By:_____
Dated:_____

**EBONI WILLIS**

By:_____
Dated:_____

**KENISHA MYRCE**

By:_____
Dated:_____

**QUATRECE SMITH**

By:_____
Dated:_____

**QSHANA WINDON**

By:_____
Dated:_____

**JENAY LONG**

| | |
|---|---|
| By:_____<br>Dated:_____<br><br>**CRISDEION LOZON**<br><br>By:_____<br>Dated:_____<br><br>**SIDNEI DAVIS**<br><br>By:_____<br>Dated:_____<br><br>**QUINN HANNA**<br><br>By:_____<br>Dated:_____<br><br>**GAYNELL CURLEY**<br><br>By:_____<br>Dated:_____<br><br>**LAMANTIA WILLIAMS**<br><br>By:_____<br>Dated:_____<br><br>**JORDANNE GIBSON**<br><br>By:_____<br>Dated:_____<br><br>**JASEMINE COLE**<br><br>By:_____<br>Dated:_____ | |